```
                           United States Bankruptcy Court
                           Northern District of California
```

MUFG Union Bank, N.A.,
    Plaintiff
                                                                                       Adv. Proc. No. 17-05044-MEH

Brower, Sr.,
    Defendant

# CERTIFICATE OF NOTICE

```
District/off: 0971-5          User: awong2              Page 1 of 1             Date Rcvd: Sep 23, 2020
                              Form ID: pdfnoa           Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 25, 2020.
aty           +Stephan A. Barber,    JRG Attorneys at Law,    318 Cayuga Street,    Salinas, CA 93901-2668

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust           E-mail/Text: ustpregion17.sj.ecf@usdoj.gov Sep 24 2020 05:27:52
                Office of the U.S. Trustee / SJ,    U.S. Federal Bldg.,    280 S 1st St. #268,
                San Jose, CA 95113-3004
                                                                                                                                               TOTAL: 1

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 25, 2020                                                       Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 23, 2020 at the address(es) listed below:
              Babak Samini    on behalf of Defendant Anthony Nobles bsamini@saminilaw.com,
               nprado@saminilaw.com
              Isaiah Weedn    on behalf of Plaintiff   MUFG Union Bank, N.A. iweedn@sheppardmullin.com,
               cdubienny@sheppardmullin.com
              Michael Lauter    on behalf of Plaintiff   MUFG Union Bank, N.A. mlauter@sheppardmullin.com
              Ryan A. Stubbe    on behalf of Defendant Robert Brower, Sr. ryan@jlglawyers.com,
               nef.jlglawyers@gmail.com
              Steven B. Sacks    on behalf of Plaintiff   MUFG Union Bank, N.A. ssacks@srclaw.com,
               ksieckman@srclaw.com
              William J. Healy    on behalf of Creditor   Campeau Goodsell Smith, L.C. wjhealy7@gmail.com
                                                                                                                                TOTAL: 6

Babak Samini, Esq. (SBN 181796)
**THE SAMINI FIRM APC**
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 724-0900
Facsimile: (949) 724-0901

Attorney for Defendants,
RICHARD BABCOCK and
ANTHONY NOBLES

**UNITED STATES BANKRUPTCY COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| In re:<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | CASE NO.: 15-50801<br><br>Chapter 11 |
| MUFG UNION BANK, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>Defendants. | ADVERSARY NO.: 17-05044-MEH<br><br>**NOTICE OF APPEAL AND STATEMENT OF ELECTION** |

- 1 –
NOTICE OF APPEAL AND STATEMENT OF ELECTION

## Part 1: Identify the appellant(s)

1. Name of appellant:
   Anthony Nobles

2. Position of appellant in the adversary proceeding or bankruptcy case that is the subject of this appeal:

   For appeals in an adversary proceeding.
   ☐ Plaintiff
   ☒ Defendant
   ☐ Other (describe) _____

   For appeals in a bankruptcy case and not in an adversary proceeding.
   ☐ Debtor
   ☐ Creditor
   ☐ Trustee
   ☐ Other (describe) _____

## Part 2: Identify the subject of this appeal

1. Describe the judgment, order, or decree appealed from: Order After Trial [Dkt. 158] and Judgment [Dkt. 159] dated September 9, 2020, true and correct copies of which are attached hereto as Exhibit A.

2. State the date on which the judgment, order, or decree was entered: September 9, 2020.

## Part 3: Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their attorneys (attach additional pages if necessary):

1. Party:     MUFG UNION BANK, N.A.
   Attorney:  Isaiah Weedn
              Sheppard Mullin
              650 Town Center Drive, 10th Floor

Costa Mesa, California 92626
(714) 513-5100
iweedn@sheppardmullin.com

2. Party: ROBERT S. BROWER, SR.; COASTAL CYPRESS CORORATION; WILFRED "BUTCH" LINDLEY; PATRICIA BROWER; PATRICIA BROWER TRUST

   Attorney: Stephan A. Barber
   JRG Attorneys At Law
   318 Cayuga Street
   Salinas, California 93901
   (831) 754-2444
   steve@jrgattorneys.com

3. Party: ROBERT BROWER, SR.
   Attorney: Ryan A. Stubbe
   Jaurigue Law Group
   300 W Glenoaks Blvd. #300
   Glendale, CA 91202
   (818) 630-7280
   ryan@jlglawyers.com

**Part 4: Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 158(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☒ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5: Sign below**

_____  Dated: September 22, 2020
Signature of Attorney for Appellant
Anthony Nobles

Name, address, and telephone number of attorney (or appellant(s) if not represented by an attorney):

THE SAMINI FIRM APC
Bobby Samini (SBN 181796)
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
(949) 724-0900
bsamini@saminilaw.com

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

[Note to inmate filers: If you are an inmate filer in an institution and you seek the timing benefit of Fed. R. Bankr. P. 8002(c)(1), complete Director's Form 4170 (Declaration of Inmate Filing) and file that declaration along with the Notice of Appeal.]

# EXHIBIT A

# EXHIBIT A



The following constitutes the order of the Court.
Signed: September 9, 2020

M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Robert S. Brower, Sr.,<br><br><br><br><br>Debtor. | Case No. 15-50801 MEH<br><br>Chapter 11 |
| MUFG Union Bank, N.A.,<br><br>        Plaintiff.<br><br>v.<br><br>Robert S. Brower, Sr., Coastal Cypress Corporation, a California corporation, Wilfred "Butch" Lindley, Patricia Brower, American Commercial Properties, Inc., a Nevada corporation, Anthony Nobles, Richard Babcock, Patricia Brower Trust, and Coastal Cypress Corporation, a Delaware corporation,<br><br>        Defendants. | Adv. No. 17-5044<br><br><br><br>Video Trial<br>Date:    September 2, 2020<br>Time:    9:00 a.m. |

## ORDER AFTER TRIAL

Plaintiff, MUFG Union Bank, N.A., seeks a determination that the bankruptcy estate of Robert Brower Sr ("Brower" or "Debtor") is the sole shareholder of Coastal Cypress

Corporation ("Coastal"). Defendants Anthony Nobles ("Nobles") and Patricia Brower and the Patricia Brower Trust ("Patty" and "Patty Trust") oppose. An evidentiary hearing was held on September 2, 2020. Isaiah Weedn appeared on behalf of Plaintiff. Bobby Samini appeared on behalf of Nobles. Richard Barber appeared on behalf of Patty, Patty Trust, and Robert Brower, Sr. ("Brower").

This court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). This order incorporates my findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

Before turning to the merits, a procedural issue must be addressed. A review of the docket shows that in November 2017 the defendants in this adversary proceeding made a demand for jury trial. Defendants then filed motions for jury trial and the right to a jury trial was found for all defendants except Brower. The parties then pursued cross-motions for summary judgment that resolved most of the issues in this adversary proceeding. Following a scheduling conference, I entered a trial scheduling order in December 2019, setting a bench trial for March 2020. On March 4, 2020, the parties filed a stipulation to continue trial and I issued an order approving the stipulation and setting a bench trial for September 2-3, 2020. On July 27, 2020, I issued an amended trial scheduling order that included additional information required for a video trial. The trial was conducted on September 2, 2020 based on stipulated exhibits; no witnesses testified.

Whether intentional or inadvertent, Nobles and Patty waived their right to a jury trial by failing to object to any of the three court orders setting a bench trial. *See Palmer v. Valdez*, 560 F.3d 965, 969-70 (9th Cir. 2009). *See also White v. McGinnis*, 903 F.2d 699 (9th Cir. 1990) (*en banc*), and *Fuller v. City of Oakland*, 47 F.3d 1522 (9th Cir. 1995) (finding that knowing participation in a bench trial without objection constitutes a jury waiver).

Issues for Trial

The cross-motions for summary judgment resolved most of the issues in the adversary proceeding. As a result, the remaining issues for trial are:

(1) Whether the $50,000 paid by Nobles was received by Coastal in exchange for 50,000 shares of Coastal stock issued to Nobles; and

(2) Whether Patty paid $125,000 to Coastal in exchange for 125,000 shares of Coastal stock issued to Patty that were subsequently transferred to the Patty Trust; and if so, whether the $125,000 paid is traceable to her sole and separate property.

Background

Brower and Patty married in 1980. Brower founded Coastal as a California corporation in 1982. On January 31, 2011, Nobles caused $200,000 to be transferred to the joint personal bank account of Brower and Patty at Fremont Bank. Brower transferred $50,000 by check from his joint personal account to Coastal's bank account on February 4, 2011. On that same date, in his capacity as President of and on behalf of Coastal, Brower executed a promissory note in favor of himself (in his individual capacity) in the amount of $50,000 (the "Promissory Note"). Coastal repaid Brower all principle and interest due under the Promissory Note.

Coastal shares issued to Nobles

Pursuant to California Corporations Code § 409(a), a corporation may issue shares for consideration in the form of "money paid" or other means not relevant here. Shares issued by a corporation without having received consideration in return are void. *See Cortelyou v. Imperial Land Co.*, 156 Cal. 373, 376 (1909). Plaintiff bears the ultimate burden to establish that the 50,000 shares of Coastal that Nobles asserts he owns are property of Debtor's bankruptcy estate.

On January 31, 2011, Nobles paid $200,000 into the Browers' joint account. Nobles maintains that $50,000 of this $200,000 payment to Brower was consideration for 50,000 Coastal shares based on the Browers' subsequent transfer of $50,000 to Coastal. On February 4, 2011, Brower paid $50,000 to Coastal by check number 8948. In opposition to Plaintiff's motion for summary judgment a new argument was presented – that the $50,000 check

3

transferred the money paid by Nobles to Coastal as consideration for his shares.  In support, Brower stated in his Supplemental Declaration that "$50,000 of the money paid by Nobles was transferred from my bank account directly into Coastal Cypress via check number 8948. . . This money was shown as a 'cash receipt' and 'paid in capital' on the [Coastal] general ledger." Exhibit 6, p. 6-7, ¶ 17.  However, in his Supplemental Declaration Brower failed to note that also on February 4, 2011, Brower loaned $50,000 to Coastal, received a promissory note in exchange, and that note was subsequently repaid by Coastal.  Exhibit 9, p. 3-4.  There was only one $50,000 transfer between Brower and Coastal between January 12 and February 11, 2011.  Exhibit 4.

      Plaintiff asserts that the $50,000 originally provided by Nobles was used by Brower to fund his loan to Coastal evidenced by the promissory note.  Further, since the promissory note was subsequently repaid, it is not money paid to Coastal for Nobles' shares.  Nobles contends that there is no evidence to directly tie the check and promissory note together and that the inference that they are related is insufficient to overcome Plaintiff's burden of proof. But Nobles argument ignores the prior misdirection by Brower of investments intended for Coastal.  Brower stated in a prior declaration that following receipt of $200,000 from Nobles to Brower's personal account, he wired $150,000 of the funds to Chateau Julian as a loan. Further, in March 2011, when Nobles paid an additional $40,000 into the personal account, Brower used those funds for repayment of a loan he previously made to Coastal.  Brower's transfer of funds to Coastal and Coastal's immediate issuance of a promissory note to Brower is not a coincidence – it is a pattern and practice of Brower to take investment funds as they were received and direct them among the associated corporations as he deemed necessary and in his best interests.  Unfortunately for Nobles, that did not include transfer of $50,000 to Coastal as "money paid" for the Coastal shares issued to Coastal. Further, Brower's taking of a promissory note and its repayment precludes these funds from qualifying as an investment in Coastal.

      Two alternate defenses were also presented at trial.  Nobles argued that the "bona fide purchaser" defense applies to preserve his shareholder status.  This argument was rejected in

4

the summary judgment memorandum decision. For the reasons stated therein, neither *Cortelyou v. Imperial Land Co.*, 156 Cal. 373 (1909) nor *Michaels v. Pac. Soft Water Laundry*, 104 Cal. App. 349 (Ct. App. 1930) support application of the defense based on these facts. As such, I find that the "bona fide purchaser" defense does not apply.

Finally, Brower argued that Nobles provided consideration for a contractual agreement to purchase stock and the issue is whether Nobles provided funds, not whether those funds were received by Coastal. Applicable law does not support this argument. Cal. Corp. Code § 409(a) provides for the issuance of shares "for consideration in the form of money paid" and prohibits promissory notes as a form of consideration. Similarly, an unfulfilled contract to purchase stock does not provide consideration to the corporation. As recognized by the California Supreme Court, shares issued without receipt of consideration are void. *See Cortelyou*, 156 Cal. at 376.

Coastal shares issued to Patty Brower

As with Nobles, Plaintiff asserts that Patty did not provide consideration for the 125,000 shares of Coastal she received, and as such, the shares are void. Patty asserts that she paid $125,000 for the shares and that the funds were paid from her separate property.

"Except as otherwise provided by statute, all real and personal property, wherever it is located, acquired by a married person during the marriage while the person is domiciled in California is community property." Cal. Fam. Code § 760. The interests of each spouse in community property during the marriage are present, existing, and equal interests. Cal. Fam. Code § 751. Neither spouse has any interest in the separate property of the other spouse. Cal. Fam. Code § 752. But the general presumption of community property is rebuttable. *See Marriage of Ciprari*, 32 Cal. App. 5th 83, 91 (Ct. App. 2019). The party contesting community property bears the burden of proof in rebutting the presumption by a preponderance of the evidence. *In re Marriage of Foley*, 189 Cal. App. 4th 521, 527 (Ct. App. 2010). Virtually any credible evidence may be used to overcome the presumption. For example, tracing the assets to a separate property source, showing an agreement or clear

5

understanding between the spouses regarding ownership status, and presenting evidence that the item was acquired as a gift can be enough to rebut the presumption. *In re Marriage of Haines*, 33 Cal. App. 4th 277, 291 (Ct. App. 1995).

Separate property may be acquired during the marriage by gift, devise, bequest, or descent; as rents, issues, and profits of separate property; or as property acquired with separate property funds or proceeds. *See* Cal. Fam. Code § 770(a). Property may also transmute from community to separate, by written agreement of the spouses, either before or after marriage and while living together. Cal. Fam. Code § 850.

Plaintiff has the initial burden to establish that money was not paid to Coastal for the issuance of stock to Patty. The burden then shifts to Patty to establish that money was paid for the Coastal shares and that the money used was not subject to the community property presumption.

Following discovery, Plaintiff established that neither Brower nor Patty produced documentary evidence of a payment from Patty to Coastal for issuance of her 125,000 shares. Although a Coastal stock certificate bearing Patty's name and the number of shares exists, the certificate does not provide proof of payment – as is the case with shares issued to Babcock, Nobles, and Lindley. The only evidence provided in support of Patty's assertion that she provided consideration is the Browers' prenuptial agreement and Brower's Supplemental Declaration.

Brower and Patty entered into a premarital agreement in 1980. It provides that Brower and Patty each had separate property at that time and that each party would retain sole ownership, control, and power of disposal of all property each then owned or subsequently acquired and free and clear of any interests, including rights under community property laws. The premarital agreement evidences their intent to maintain separate property. But it does not establish a payment was made by Patty for the Coastal stock.

Brower stated in his Supplemental Declaration that Patty "paid $125,000 for her shares – from her separate property money that she brought into our marriage." Exhibit 6, p. 4, ¶ 8. He further asserted that Patty had $515,000 prior to their marriage but that amount is

6

subject to dispute. The typed recital in the premarital agreement states that Patty "presently has property and investments in an amount in excess of $15,000." Exhibit A, p. 2. Brower stated that prior the marriage the agreement was amended by hand to increase the amount of Patty's assets to $515,000 with initials by the change. Exhibit 6, p. 2, ¶ 4. At his deposition in February 2019, Brower testified that Patty had approximately $600,000 in separate assets at the time they entered into the premarital agreement. Exhibit B, p. 2.

I find that the premarital agreement, combined with Brower's February 2019 testimony establishes that the Browers intended to maintain separate property and that Patty held more than $125,000 in separate assets at the time of their marriage. That said, it does not establish that a payment was made by Patty for the Coastal stock from her separate property. The only evidence presented for this is Brower's Supplemental Declaration. Exhibit 6, ¶ 8. The determination then is whether I find Brower's testimony credible. I do not.

Brower's chapter 11 case was filed in March 2015. In February 2017, I conducted a three-day trial to determine whether Brower's debt to Plaintiff should be exempt from discharge due to fraudulent misrepresentations made by Brower in a written statement regarding his financial condition. Plaintiff prevailed at trial and Brower was denied a discharge of his debt to Plaintiff. More to the point, I found that Brower's testimony was neither compelling nor credible and that the annual financial statements provided to the Bank established a pattern of misrepresentations.

Brower's willingness to do what it takes to avoid losing was borne out in other ways as well. At two times during this adversary proceeding Brower presented eleventh hour evidence to avoid an unfavorable ruling. First, Plaintiff brought a request for a preliminary injunction to halt the sale of the only asset of American Commercial Properties ("ACP") – the Browers' home – on the basis that ACP was a community property asset and had not been transmuted to Patty's separate property. In support of the opposition Brower presented for the first time a letter and handwritten card, each dated November 8, 2000, and providing language that arguably established a transmutation of ACP as community property to Patty's separate property. These documents were responsive to discovery requests from at least two years

7

prior, had never been produced before, and Brower previously testified did not exist. Doc # 83, p. 2, ¶ 3. Brower's story was that these were documents Patty had kept and he recently discovered. Exhibit 6, p. 4, ¶ 6. There were significant questions as to the authenticity of each and the card was submitted to forensic testing. A forensic report finding it highly probable that the card was modified sometime after the initial text had been written was filed in support of Plaintiff's motion for summary judgment. Doc # 109-12, p. 19. Second, as discussed above, when forced to identify funds provided by Nobles paid to Coastal, Brower asserted that the $50,000 . . . for stock to support his opposition to Plaintiff's arguments at summary judgment. In so doing, he failed to also state that he testified in a deposition six months before that he loaned $50,000 to Coastal on that same date.

In sum, there is no documentary evidence to support a finding that Patty provided $125,000 to Coastal for her shares. Brower provided the only testamentary evidence in his Supplemental Declaration filed after Plaintiff's presentation of its case in the motion for summary judgment. Based on Brower's statements and actions throughout five years of litigation I do not find his testimony credible and find that it should be given no weight in this determination. As such, there is in no evidence to support a finding that Patty paid money to Coastal for her shares, and I find pursuant to Cal. Corp Code § 409(a) Patty's shares in Coastal are void.

Conclusion

For the reasons stated herein, I find that the Coastal shares issued to Nobles and Patty, and that Patty subsequently transferred to the Patty Trust, are void for lack of consideration. The subsequent transition of Coastal from a California corporation to a Delaware corporation does not change these findings.

A judgment consistent with this with this order after trial shall be issued contemporaneously.

**END OF ORDER**

8

**COURT SERVICE LIST**

**Via ECF:**

All ECF Recipients



The following constitutes the order of the Court.
Signed: September 9, 2020

_M. Elaine Hammond_
M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Robert S. Brower, Sr.,<br><br>Debtor. | Case No. 15-50801 MEH<br><br>Chapter 11 |
| MUFG Union Bank, N.A.,<br><br>Plaintiff.<br><br>v.<br><br>Robert S. Brower, Sr., Coastal Cypress Corporation, a California corporation, Wilfred "Butch" Lindley, Patricia Brower, American Commercial Properties, Inc., a Nevada corporation, Anthony Nobles, Richard Babcock, Patricia Brower Trust, and Coastal Cypress Corporation, a Delaware corporation,<br><br>Defendants. | Adv. No. 17-5044<br><br>Video Trial<br>Date:   September 2, 2020<br>Time:   9:00 a.m. |

## JUDGMENT

For the reasons stated in the Order After Trial entered contemporaneously herewith, Judgment is granted in Plaintiff's favor as to its claim. The 50,000 Coastal shares issued to

1

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

1  Nobles and the 125,000 Coastal shares issued to Patricia Brower, and subsequently
2  transferred to the Patricia Brower Trust, are void for lack of consideration, pursuant to
3  California Corporation Code § 409.

**END OF JUDGMENT**

**COURT SERVICE LIST**

**Via ECF:**

All ECF Recipients

# CERTIFICATE OF SERVICE

The undersigned declares as follows:

I am a citizen of the United States and employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is: 650 Town Center Drive, Suite 1700, Costa Mesa, California 92626. On this date, I served the foregoing documents described as **NOTICE OF APPEAL AND STATEMENT OF ELECTION**, on the interested party(ies) listed below in this action as follows:

| | |
|---|---|
| Isaiah Z. Weedn<br>SHEPPARD, MULLIN, RICHTER & HAMPTON LLP<br>650 Town Center Drive, 10th Floor<br>Costa Mesa, CA 92626<br>iweedn@sheppardmullin.com | Ryan A. Stubbe<br>JAURIGUE LAW GROUP<br>300 W. Glenoaks Boulevard, #300<br>Glendale, CA 91202<br>ryan@lglawyers.com |
| David W. Balch<br>Stephan A. Barber<br>JRG ATTORNEYS AT LAW<br>318 Cayuga Street<br>Salinas, CA 93901<br>steve@jrgattorneys.com | |

BY CM/ECF NOTICE OF ELECTRONIC FILING: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 22, 2020, at Costa Mesa, California.

_____
Bobby Samini