**Jdemand, APPEAL**

# U.S. Bankruptcy Court
## California Northern Bankruptcy Court (San Jose)
### Adversary Proceeding #: 17−05044

*Assigned to:* Judge M. Elaine Hammond  
*Lead BK Case:* 15−50801  
*Lead BK Title:* Robert S. Brower, Sr.  
*Lead BK Chapter:* 11  
*Demand:*  
   *Nature[s] of Suit:*  21 Validity, priority or extent of lien or other interest in property  
                                72 Injunctive relief − other  
                                91 Declaratory judgment

*Date Filed:* 05/11/17

*Plaintiff*
-----------------------------
**MUFG Union Bank, N.A.**  
c/o Steven Sacks  
Sheppard Mullin Richter & Hampton LLP  
4 Embarcadero Center 17th Floor  
San Francisco, CA 94111

represented by **Michael Lauter**  
Sheppard Mullin Richter and Hampton  
650 Town Center Drive, 10th Floor  
Costa Mesa, CA 92626  
(415) 774−2978  
Email: mlauter@sheppardmullin.com

**Steven B. Sacks**  
Sheppard, Mullin, Richter and Hampton  
4 Embarcadero Center 17th Fl.  
San Francisco, CA 94111  
(415) 434−9100  
Email: ssacks@srclaw.com  
*LEAD ATTORNEY*

**Isaiah Weedn**  
Sheppard Mullin Richter & Hampton LLP  
650 Town Center Drive, 10th Floor  
Costa Mesa, CA 92626  
714−513−5100  
Email: iweedn@sheppardmullin.com

V.

*Defendant*
-----------------------------
**Robert Brower, Sr.**

represented by **David W. Balch**  
L+G, LLP  
318 Cayuga Str  
Salinas, CA 93901  
(831) 754−2444  
*TERMINATED: 03/05/2020*

**Stephan A. Barber**  
JRG Attorneys at Law  
318 Cayuga Street

|  |  |
|---|---|
|  | Salinas, CA 93901<br>831−754−2444<br>Fax : 831−269−7089<br>Email: steve@jrgattorneys.com<br>*LEAD ATTORNEY*<br><br>**Ryan A. Stubbe**<br>Jaurigue Law Group<br>300 W Glenoaks Blvd. #300<br>Glendale, CA 91202<br>(818)630−7280<br>Email: ryan@jlglawyers.com |

*Defendant*
--------------------------
**Coastal Cypress Corporation,** *a California corporation*     represented by    **David W. Balch**
L+G, LLP
318 Cayuga Str
Salinas, CA 93901
(831) 754−2444
*TERMINATED: 03/05/2020*

**Stephan A. Barber**
(See above for address)
*LEAD ATTORNEY*

*Defendant*
--------------------------
**Wilfred "Butch" Lindley**     represented by    **David W. Balch**
L+G, LLP
318 Cayuga Str
Salinas, CA 93901
(831) 754−2444
*TERMINATED: 03/05/2020*

**Stephan A. Barber**
(See above for address)
*LEAD ATTORNEY*

*Defendant*
--------------------------
**Patricia Brower**     represented by    **David W. Balch**
L+G, LLP
318 Cayuga Str
Salinas, CA 93901
(831) 754−2444
*TERMINATED: 03/05/2020*

**Stephan A. Barber**
(See above for address)
*LEAD ATTORNEY*

**Tracy Green**
Wendel, Rosen, Black and Dean
1111 Broadway 24th Fl.
P.O. Box 2047
Oakland, CA 94607
(510)834−6600
*TERMINATED: 11/20/2017*

*Defendant*
───────────────────────────
**American Commercial Properties, Inc.,** *a Nevada corporation*

represented by **David W. Balch**
L+G, LLP
318 Cayuga Str
Salinas, CA 93901
(831) 754−2444
*TERMINATED: 03/05/2020*

**Stephan A. Barber**
(See above for address)
*LEAD ATTORNEY*

**Tracy Green**
Wendel, Rosen, Black and Dean
1111 Broadway 24th Fl.
P.O. Box 2047
Oakland, CA 94607
(510)834−6600
*TERMINATED: 11/20/2017*

*Defendant*
───────────────────────────
**Anthony Nobles**

represented by **Babak Samini**
The Samini Firm APC
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
(949)724−0900
Email: bsamini@saminilaw.com

*Defendant*
───────────────────────────
**Richard Babcock**

represented by **Babak Samini**
(See above for address)

*Defendant*
───────────────────────────
**Patricia Brower Trust**

represented by **David W. Balch**
L+G, LLP
318 Cayuga Str
Salinas, CA 93901
(831) 754−2444
*TERMINATED: 03/05/2020*

**Stephan A. Barber**
(See above for address)
*LEAD ATTORNEY*

**Tracy Green**
Wendel, Rosen, Black and Dean
1111 Broadway 24th Fl.
P.O. Box 2047
Oakland, CA 94607
(510)834−6600
*TERMINATED: 11/20/2017*

*Defendant*
−−−−−−−−−−−−−−−−−−−−−−−−
**Coastal Cypress Corporation,** *a Deleware corporation*

represented by **David W. Balch**
L+G, LLP
318 Cayuga Str
Salinas, CA 93901
(831) 754−2444
*TERMINATED: 03/05/2020*

**Stephan A. Barber**
(See above for address)
*LEAD ATTORNEY*

| Filing Date | # | Docket Text |
|---|---|---|
| 09/09/2020 | 158 | Order After Trial (RE: related document(s)143 Amended Order, Scheduling Order). (acr) (Entered: 09/09/2020) |
| 09/09/2020 | 159 | Judgment (RE: related document(s)3 Amended Complaint filed by Plaintiff MUFG Union Bank, N.A.). Case Management Action due after 9/23/2020. (acr) (Entered: 09/09/2020) |

4

Case 5:20-cv-06889-EJD   Document 1-2   Filed 10/03/20   Page 5 of 16

Entered on Docket
September 09, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: September 9, 2020

*M. Elaine Hammond*
M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Robert S. Brower, Sr.,<br><br>Debtor. | Case No. 15-50801 MEH<br><br>Chapter 11 |
| MUFG Union Bank, N.A.,<br><br>Plaintiff.<br><br>v.<br><br>Robert S. Brower, Sr., Coastal Cypress Corporation, a California corporation, Wilfred "Butch" Lindley, Patricia Brower, American Commercial Properties, Inc., a Nevada corporation, Anthony Nobles, Richard Babcock, Patricia Brower Trust, and Coastal Cypress Corporation, a Delaware corporation,<br><br>Defendants. | Adv. No. 17-5044<br><br>Video Trial<br>Date:   September 2, 2020<br>Time:   9:00 a.m. |

## ORDER AFTER TRIAL

Plaintiff, MUFG Union Bank, N.A., seeks a determination that the bankruptcy estate of Robert Brower Sr ("Brower" or "Debtor") is the sole shareholder of Coastal Cypress

1

1  Corporation ("Coastal").  Defendants Anthony Nobles ("Nobles") and Patricia Brower and
2  the Patricia Brower Trust ("Patty" and "Patty Trust") oppose.  An evidentiary hearing was
3  held on September 2, 2020.  Isaiah Weedn appeared on behalf of Plaintiff.  Bobby Samini
4  appeared on behalf of Nobles.  Richard Barber appeared on behalf of Patty, Patty Trust, and
5  Robert Brower, Sr. ("Brower").

6      This court has jurisdiction pursuant to 28 U.S.C. § 1334.  This is a core proceeding
7  pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).  This order incorporates my findings of fact
8  and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

9      Before turning to the merits, a procedural issue must be addressed.  A review of the
10 docket shows that in November 2017 the defendants in this adversary proceeding made a
11 demand for jury trial. Defendants then filed motions for jury trial and the right to a jury trial
12 was found for all defendants except Brower.  The parties then pursued cross-motions for
13 summary judgment that resolved most of the issues in this adversary proceeding.  Following a
14 scheduling conference, I entered a trial scheduling order in December 2019, setting a bench
15 trial for March 2020.  On March 4, 2020, the parties filed a stipulation to continue trial and I
16 issued an order approving the stipulation and setting a bench trial for September 2-3, 2020.
17 On July 27, 2020, I issued an amended trial scheduling order that included additional
18 information required for a video trial.  The trial was conducted on September 2, 2020 based
19 on stipulated exhibits; no witnesses testified.

20     Whether intentional or inadvertent, Nobles and Patty waived their right to a jury trial
21 by failing to object to any of the three court orders setting a bench trial. *See Palmer v. Valdez*,
22 560 F.3d 965, 969-70 (9th Cir. 2009). *See also White v. McGinnis*, 903 F.2d 699 (9th Cir.
23 1990) (*en banc*), and *Fuller v. City of Oakland*, 47 F.3d 1522 (9th Cir. 1995) (finding that
24 knowing participation in a bench trial without objection constitutes a jury waiver).

25

26 <u>Issues for Trial</u>
27     The cross-motions for summary judgment resolved most of the issues in the adversary
28 proceeding.  As a result, the remaining issues for trial are:

(1) Whether the $50,000 paid by Nobles was received by Coastal in exchange for 50,000 shares of Coastal stock issued to Nobles; and

(2) Whether Patty paid $125,000 to Coastal in exchange for 125,000 shares of Coastal stock issued to Patty that were subsequently transferred to the Patty Trust; and if so, whether the $125,000 paid is traceable to her sole and separate property.

Background

Brower and Patty married in 1980. Brower founded Coastal as a California corporation in 1982. On January 31, 2011, Nobles caused $200,000 to be transferred to the joint personal bank account of Brower and Patty at Fremont Bank. Brower transferred $50,000 by check from his joint personal account to Coastal's bank account on February 4, 2011. On that same date, in his capacity as President of and on behalf of Coastal, Brower executed a promissory note in favor of himself (in his individual capacity) in the amount of $50,000 (the "Promissory Note"). Coastal repaid Brower all principle and interest due under the Promissory Note.

Coastal shares issued to Nobles

Pursuant to California Corporations Code § 409(a), a corporation may issue shares for consideration in the form of "money paid" or other means not relevant here. Shares issued by a corporation without having received consideration in return are void. *See Cortelyou v. Imperial Land Co.*, 156 Cal. 373, 376 (1909). Plaintiff bears the ultimate burden to establish that the 50,000 shares of Coastal that Nobles asserts he owns are property of Debtor's bankruptcy estate.

On January 31, 2011, Nobles paid $200,000 into the Browers' joint account. Nobles maintains that $50,000 of this $200,000 payment to Brower was consideration for 50,000 Coastal shares based on the Browers' subsequent transfer of $50,000 to Coastal. On February 4, 2011, Brower paid $50,000 to Coastal by check number 8948. In opposition to Plaintiff's motion for summary judgment a new argument was presented – that the $50,000 check

3

transferred the money paid by Nobles to Coastal as consideration for his shares. In support, Brower stated in his Supplemental Declaration that "$50,000 of the money paid by Nobles was transferred from my bank account directly into Coastal Cypress via check number 8948. . . This money was shown as a 'cash receipt' and 'paid in capital' on the [Coastal] general ledger." Exhibit 6, p. 6-7, ¶ 17. However, in his Supplemental Declaration Brower failed to note that also on February 4, 2011, Brower loaned $50,000 to Coastal, received a promissory note in exchange, and that note was subsequently repaid by Coastal. Exhibit 9, p. 3-4. There was only one $50,000 transfer between Brower and Coastal between January 12 and February 11, 2011. Exhibit 4.

Plaintiff asserts that the $50,000 originally provided by Nobles was used by Brower to fund his loan to Coastal evidenced by the promissory note. Further, since the promissory note was subsequently repaid, it is not money paid to Coastal for Nobles' shares. Nobles contends that there is no evidence to directly tie the check and promissory note together and that the inference that they are related is insufficient to overcome Plaintiff's burden of proof. But Nobles argument ignores the prior misdirection by Brower of investments intended for Coastal. Brower stated in a prior declaration that following receipt of $200,000 from Nobles to Brower's personal account, he wired $150,000 of the funds to Chateau Julian as a loan. Further, in March 2011, when Nobles paid an additional $40,000 into the personal account, Brower used those funds for repayment of a loan he previously made to Coastal. Brower's transfer of funds to Coastal and Coastal's immediate issuance of a promissory note to Brower is not a coincidence – it is a pattern and practice of Brower to take investment funds as they were received and direct them among the associated corporations as he deemed necessary and in his best interests. Unfortunately for Nobles, that did not include transfer of $50,000 to Coastal as "money paid" for the Coastal shares issued to Coastal. Further, Brower's taking of a promissory note and its repayment precludes these funds from qualifying as an investment in Coastal.

Two alternate defenses were also presented at trial. Nobles argued that the "bona fide purchaser" defense applies to preserve his shareholder status. This argument was rejected in

the summary judgment memorandum decision. For the reasons stated therein, neither *Cortelyou v. Imperial Land Co.*, 156 Cal. 373 (1909) nor *Michaels v. Pac. Soft Water Laundry*, 104 Cal. App. 349 (Ct. App. 1930) support application of the defense based on these facts. As such, I find that the "bona fide purchaser" defense does not apply.

Finally, Brower argued that Nobles provided consideration for a contractual agreement to purchase stock and the issue is whether Nobles provided funds, not whether those funds were received by Coastal. Applicable law does not support this argument. Cal. Corp. Code § 409(a) provides for the issuance of shares "for consideration in the form of money paid" and prohibits promissory notes as a form of consideration. Similarly, an unfulfilled contract to purchase stock does not provide consideration to the corporation. As recognized by the California Supreme Court, shares issued without receipt of consideration are void. *See Cortelyou*, 156 Cal. at 376.

Coastal shares issued to Patty Brower

As with Nobles, Plaintiff asserts that Patty did not provide consideration for the 125,000 shares of Coastal she received, and as such, the shares are void. Patty asserts that she paid $125,000 for the shares and that the funds were paid from her separate property.

"Except as otherwise provided by statute, all real and personal property, wherever it is located, acquired by a married person during the marriage while the person is domiciled in California is community property." Cal. Fam. Code § 760. The interests of each spouse in community property during the marriage are present, existing, and equal interests. Cal. Fam. Code § 751. Neither spouse has any interest in the separate property of the other spouse. Cal. Fam. Code § 752. But the general presumption of community property is rebuttable. *See Marriage of Ciprari*, 32 Cal. App. 5th 83, 91 (Ct. App. 2019). The party contesting community property bears the burden of proof in rebutting the presumption by a preponderance of the evidence. *In re Marriage of Foley*, 189 Cal. App. 4th 521, 527 (Ct. App. 2010). Virtually any credible evidence may be used to overcome the presumption. For example, tracing the assets to a separate property source, showing an agreement or clear

5

Case: 17-05044   Doc# 158   Filed: 09/09/20   Entered: 09/09/20 14:11:55   Page 5 of 9

9

understanding between the spouses regarding ownership status, and presenting evidence that the item was acquired as a gift can be enough to rebut the presumption. *In re Marriage of Haines*, 33 Cal. App. 4th 277, 291 (Ct. App. 1995).

Separate property may be acquired during the marriage by gift, devise, bequest, or descent; as rents, issues, and profits of separate property; or as property acquired with separate property funds or proceeds. *See* Cal. Fam. Code § 770(a). Property may also transmute from community to separate, by written agreement of the spouses, either before or after marriage and while living together. Cal. Fam. Code § 850.

Plaintiff has the initial burden to establish that money was not paid to Coastal for the issuance of stock to Patty.  The burden then shifts to Patty to establish that money was paid for the Coastal shares and that the money used was not subject to the community property presumption.

Following discovery, Plaintiff established that neither Brower nor Patty produced documentary evidence of a payment from Patty to Coastal for issuance of her 125,000 shares. Although a Coastal stock certificate bearing Patty's name and the number of shares exists, the certificate does not provide proof of payment – as is the case with shares issued to Babcock, Nobles, and Lindley. The only evidence provided in support of Patty's assertion that she provided consideration is the Browers' prenuptial agreement and Brower's Supplemental Declaration.

Brower and Patty entered into a premarital agreement in 1980.  It provides that Brower and Patty each had separate property at that time and that each party would retain sole ownership, control, and power of disposal of all property each then owned or subsequently acquired and free and clear of any interests, including rights under community property laws. The premarital agreement evidences their intent to maintain separate property.  But it does not establish a payment was made by Patty for the Coastal stock.

Brower stated in his Supplemental Declaration that Patty "paid $125,000 for her shares – from her separate property money that she brought into our marriage." Exhibit 6, p. 4, ¶ 8. He further asserted that Patty had $515,000 prior to their marriage but that amount is

subject to dispute. The typed recital in the premarital agreement states that Patty "presently has property and investments in an amount in excess of $15,000." Exhibit A, p. 2. Brower stated that prior the marriage the agreement was amended by hand to increase the amount of Patty's assets to $515,000 with initials by the change. Exhibit 6, p. 2, ¶ 4. At his deposition in February 2019, Brower testified that Patty had approximately $600,000 in separate assets at the time they entered into the premarital agreement. Exhibit B, p. 2.

I find that the premarital agreement, combined with Brower's February 2019 testimony establishes that the Browers intended to maintain separate property and that Patty held more than $125,000 in separate assets at the time of their marriage. That said, it does not establish that a payment was made by Patty for the Coastal stock from her separate property. The only evidence presented for this is Brower's Supplemental Declaration. Exhibit 6, ¶ 8. The determination then is whether I find Brower's testimony credible. I do not.

Brower's chapter 11 case was filed in March 2015. In February 2017, I conducted a three-day trial to determine whether Brower's debt to Plaintiff should be exempt from discharge due to fraudulent misrepresentations made by Brower in a written statement regarding his financial condition. Plaintiff prevailed at trial and Brower was denied a discharge of his debt to Plaintiff. More to the point, I found that Brower's testimony was neither compelling nor credible and that the annual financial statements provided to the Bank established a pattern of misrepresentations.

Brower's willingness to do what it takes to avoid losing was borne out in other ways as well. At two times during this adversary proceeding Brower presented eleventh hour evidence to avoid an unfavorable ruling. First, Plaintiff brought a request for a preliminary injunction to halt the sale of the only asset of American Commercial Properties ("ACP") – the Browers' home – on the basis that ACP was a community property asset and had not been transmuted to Patty's separate property. In support of the opposition Brower presented for the first time a letter and handwritten card, each dated November 8, 2000, and providing language that arguably established a transmutation of ACP as community property to Patty's separate property. These documents were responsive to discovery requests from at least two years

7

prior, had never been produced before, and Brower previously testified did not exist. Doc # 83, p. 2, ¶ 3. Brower's story was that these were documents Patty had kept and he recently discovered. Exhibit 6, p. 4, ¶ 6. There were significant questions as to the authenticity of each and the card was submitted to forensic testing. A forensic report finding it highly probable that the card was modified sometime after the initial text had been written was filed in support of Plaintiff's motion for summary judgment. Doc # 109-12, p. 19. Second, as discussed above, when forced to identify funds provided by Nobles paid to Coastal, Brower asserted that the $50,000 . . . for stock to support his opposition to Plaintiff's arguments at summary judgment. In so doing, he failed to also state that he testified in a deposition six months before that he loaned $50,000 to Coastal on that same date.

In sum, there is no documentary evidence to support a finding that Patty provided $125,000 to Coastal for her shares. Brower provided the only testamentary evidence in his Supplemental Declaration filed after Plaintiff's presentation of its case in the motion for summary judgment. Based on Brower's statements and actions throughout five years of litigation I do not find his testimony credible and find that it should be given no weight in this determination. As such, there is in no evidence to support a finding that Patty paid money to Coastal for her shares, and I find pursuant to Cal. Corp Code § 409(a) Patty's shares in Coastal are void.

Conclusion

For the reasons stated herein, I find that the Coastal shares issued to Nobles and Patty, and that Patty subsequently transferred to the Patty Trust, are void for lack of consideration. The subsequent transition of Coastal from a California corporation to a Delaware corporation does not change these findings.

A judgment consistent with this with this order after trial shall be issued contemporaneously.

**END OF ORDER**

**COURT SERVICE LIST**

**Via ECF:**

All ECF Recipients

9

Case 5:20-cv-06889-EJD Document 1-2 Filed 10/06/20 Page 14 of 16

Entered on Docket
September 09, 2020
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the Court.
Signed: September 9, 2020

*M. Elaine Hammond*
M. Elaine Hammond
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>Robert S. Brower, Sr.,<br><br>Debtor. | Case No. 15-50801 MEH<br><br>Chapter 11 |
| MUFG Union Bank, N.A.,<br>        Plaintiff.<br>v.<br>Robert S. Brower, Sr., Coastal Cypress Corporation, a California corporation, Wilfred "Butch" Lindley, Patricia Brower, American Commercial Properties, Inc., a Nevada corporation, Anthony Nobles, Richard Babcock, Patricia Brower Trust, and Coastal Cypress Corporation, a Delaware corporation,<br>        Defendants. | Adv. No. 17-5044<br><br>Video Trial<br>Date:   September 2, 2020<br>Time:   9:00 a.m. |

## JUDGMENT

For the reasons stated in the Order After Trial entered contemporaneously herewith, Judgment is granted in Plaintiff's favor as to its claim. The 50,000 Coastal shares issued to

1

1  Nobles and the 125,000 Coastal shares issued to Patricia Brower, and subsequently
2  transferred to the Patricia Brower Trust, are void for lack of consideration, pursuant to
3  California Corporation Code § 409.
4  **END OF JUDGMENT**

**COURT SERVICE LIST**

**Via ECF:**

All ECF Recipients