SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
ISAIAH Z. WEEDN, Cal. Bar No. 229111
iweedn@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:    714.513.5100
Facsimile:    714.513.5130

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
MICHAEL M. LAUTER, Cal. Bar No. 246048
mlauter@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone:    415-434-9100
Facsimile:    415-434-3947

Attorneys for Plaintiff/Appellee
MUFG Union Bank, N.A.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| In re: | District Case No.: 5:20-cv-06889-EJD |
| ROBERT BROWER, SR., | Bankruptcy Case No.: 15-50801 |
| Debtor, | Chapter 11 |
| MUFG UNION BANK, N.A., | Adversary No.: 17-05044-MEH |
| Plaintiff,<br>v. | |
| ROBERT BROWER, SR., an individual, PATRICIA BROWER, an individual, COASTAL CYPRESS CORPORATION, a California corporation, COASTAL CYPRESS CORPORATION, a Delaware corporation, AMERICAN COMMERCIAL PROPERTIES, INC., a Nevada corporation, ANTHONY NOBLES, an individual, WILFRED "BUTCH" LINDLEY, an individual, RICHARD BABCOCK, an individual, PATRICIA BROWER TRUST, and DOES 1-50,<br><br>Defendants. | **OPPOSITION TO APPELLANT'S EX PARTE APPLICATION FOR RELIEF AND REQUEST FOR EXTENSION OF TIME TO FILE OPENING BRIEF** |

# I.
# INTRODUCTION

Appellee MUFG Union Bank, N.A. ("Appellee") hereby opposes appellant Anthony Nobles' ("Appellant") ex parte application for a ***third*** extension of time to file his opening brief (the "Application"). The Application should be denied because Appellant has failed to comply with Bankruptcy Appellate Panel of the Ninth Circuit Rule 8018. Moreover, even if he had complied with Rule 8018, the Application should be denied because Appellant stipulated that he would not seek any further extensions to file his opening brief and a further extension is not warranted.

# II.
# PROCEDURAL TIMELINE

**October 6, 2020** – Appellant files Notice of Appeal. (Docket No. 1.)

**April 7, 2021** – Court issues order setting briefing schedule, specifying May 7, 2021 as the deadline for Appellant to file his opening brief. (Docket No. 4.)

**May 7, 2021** – Appellee and Appellant stipulate that Appellant shall have a 30-day extension to file his opening brief and the Court enters a corresponding order, setting June 7, 2021 as the new deadline for Appellant's opening brief. (Docket Nos. 6 and 7.)

**June 2, 2021** – Appellee and Appellant stipulate that Appellant shall have a second 30-day extension to file his opening brief. (Docket No. 9.) The parties agree this second opening brief extension will be the "final" such extension. (*Id*. at 2:12-15.) The Court enters a corresponding order, setting July 7, 2021 as the new deadline for Appellant's opening brief. (Docket No. 10.)

///
///
///

### III.
### ARGUMENT

Rule 8018(a) specifies that "[a] motion for extension of time to file a brief…shall be supported by a declaration stating: (1) When the brief was initially due; (2) How many extensions of time, if any, have been granted; (3) Reasons why this extension is necessary; (4) The specific amount of time requested; and (5) The position of the opponent(s) with respect to the motion or why the moving party has been unable to obtain a statement of such position(s)."  The Declaration of John Van Loben Sels ("New Counsel's Declaration") submitted in support of the Application (Docket No. 12-1) fails to satisfy the first two requirements and is not admissible evidence of the third requirement.

As a preliminary matter, New Counsel's Declaration failed to identify the original opening brief deadline or the number of previous extensions granted, as required by Rule 8018(a)(1) and (2).  The omission of these facts suggests an attempt to conceal the fact that Appellee had already agreed to two previous extensions of Appellant's opening brief deadline.  (*See* Docket Nos. 6 and 9.)  Notably, Appellant also failed to mention that the parties second stipulation specified that Appellant would not be entitled to any further opening brief extensions.  (Docket No. 9, 2:12-15.)

Moreover, New Counsel's Declaration is not adequate evidence that there is a sufficient basis to afford Appellant a ***third*** opening brief extension despite his previous agreement that the second extension would be his last.  The fact that Appellant has, at the eleventh hour, chosen to retain new counsel does not change the fact that he filed his Notice of Appeal nearly 8 months ago, already received two extensions for his opening brief, and agreed that no further extensions would be needed.

Notably, Appellant has not submitted a declaration from his previous counsel explaining why, after nearly 8 months of lead time, Appellant's opening brief could not be filed by the current, July 7 deadline.  This is an appeal from a decision issued after a one-day bench trial.  Issues related to the COVID-19 pandemic, which might explain delays associated with taking discovery or obtaining hearing dates for trial court proceedings,

simply do not account for Appellant's lack of diligence displayed in this appellate proceeding.

## IV.
## CONCLUSION

For the foregoing reasons, Appellee respectfully requests that the Court deny the Application.

Dated: July 1, 2021

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ Isaiah Z. Weedn
ISAIAH Z. WEEDN
Attorneys for Plaintiff MUFG Union Bank, N.A.

SMRH:4821-3910-3984.1

-4-

District Case No.: 5:20-cv-06889-EJD
OPPOSITION TO APPELLANT'S EX PARTE APPLICATION FOR RELIEF AND REQUEST FOR EXTENSION OF TIME TO FILE OPENING BRIEF