**Case No. 5:20-cv-06889-EJD**

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

———————————

**ANTHONY NOBLES,**
*Appellant*,

vs.

**MUFG UNION BANK, N.A.,**
*Appellee.*

———————————

On Appeal from the U.S. Bankruptcy Court
Hon. M. Elaine Hammond
Adversary Case No. 17-05044

———————————

**APPELLEE MUFG UNION BANK, N.A.'S OPENING BRIEF**

———————————

Isaiah Z. Weedn, SBN 229111
Sheppard Mullin Richter & Hampton LLP
650 Town Center Drive, 10th Floor
Costa Mesa, CA  92626
Tel: 714.513.5100
Fax: 714.513.5130
iweedn@sheppardmullin.com

Michael M. Lauter, SBN 246048
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center, 17th Floor
San Francisco, CA  94111
Tel: 415.434.9100
Fax: 415.434.3947
mlauter@sheppardmullin.com

*Attorneys for Appellee*
*MUFG UNION BANK, N.A.*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Bankruptcy Procedure 8012, appellee MUFG Union Bank, N.A. states as follows:

Appellee MUFG Union Bank, N.A. is a subsidiary of holding company MUFG Americas Holdings Corporation and a member of Mitsubishi UFJ Financial Group.  Mitsubishi UFJ Financial Group, is a publicly traded company that owns 10 percent or more of Appellee's stock.

Dated:  October 6, 2021

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By _____/s/ Isaiah Z. Weedn_____
ISAIAH Z. WEEDN
Attorneys for Appellee
MUFG UNION BANK, N.A.

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION AND SUMMARY OF ARGUMENT............................6

II.    THE BANK'S OBJECTION TO APPELLANT'S
       JURISDICTIONAL STATEMENT ...............................................8

III.   THE BANK'S STATEMENT OF THE CASE AND
       BACKGROUND FACTS.......................................................11

       A.   Coastal's Importance To Debtor's Bankruptcy Estate.......................11

       B.   How And Why Appellant's Coastal Shares Were Deemed Void.......13

IV.    ARGUMENT.................................................................17

       A.   Issue I: The Bank's Standing .............................................17

       B.   Issue II: The Bankruptcy Court's Finding That Appellant's
            Alleged 50,000 Shares Of Stock In Coastal Are Void For Lack
            Of Consideration Was Not Clearly Erroneous..................................19

       C.   Issue III: Appellant Waived Any Right To Challenge The
            Sufficiency Of The Court's Judgment Under FED. R. CIV. P.
            52(a)....................................................................23

V.     CONCLUSION.............................................................24

# TABLE OF AUTHORITIES

Page(s)

Cases

*American Title Ins. Co. v. Lacelaw Corp.*
   861 F.2d 224 (9th Cir. 1988) ................................................................................10

*Burton v. Burton*
   161 Cal. App. 2d 572 (1958) .................................................................................21

*Clark v. Millsap*
   197 Cal. 765 (1926) ...............................................................................................22

*Cortelyou v. Imperial Land Co.*
   156 Cal. 373 (1909) ...............................................................................................22

*In re Godon, Inc.*
   275 B.R. 555 (Bankr. E.D. Cal. 2002)..............................................................17, 18

*Greenbaum v. U. S.*
   360 F.Supp. 784 (E.D. Pa. 1973) .......................................................10, 11, 14, 15

*Kahle v. Stephens*
   214 Cal. 89 (1931) .................................................................................................22

*In re Kieslich*
   258 F.3d 968 (9th Cir. 2001) ..................................................................................6

*Latis Laser, Inc. v. Ice Cold Stocks, LLC*
   No. CV 08-03587-RGK, 2008 WL 11338191 (C.D. Cal. Sept. 23, 2008).............22

*In re Lionel Corp.*
   23 B.R. 224 (Bankr. S.D.N.Y. 1982).....................................................................17

*Lujan v. Defenders of Wildlife*
   504 U.S. 555 (1992)............................................................................................7, 18

*Nationstar Mortgage LLC v. Soria*
   753 Fed.Appx. 456 (9th Cir. 2019).........................................................................17

*Phoenix Engineering & Supply Inc. v. Universal Elec. Co., Inc.*
   104 F.3d 1137 (9th Cir. 1997) ................................................................................23

*Phoenix Engineering & Supply Inc. v. Universal Elec. Co., Inc.*
   104 F3d 1137 (9th Cir. 1997) ...................................................................................8

*In re Pizza of Haw., Inc.*
    761 F.2d 1374 (9th Cir. 1985) ..........................................................................20

*In re Rader*
    488 B.R. 406 (9th Cir. BAP 2013)....................................................................19

*Reliance Finance Corp. v. Miller*
    557 F.2d 674 (9th Cir. 1977) ............................................................................23

*In re Starky*
    522 B.R. 220 (9th Cir. BAP 2014) ................................................................7, 20

*In re Walsh Construction, Inc.*
    669 F.2d 1325 (9th Cir. 1982) ..........................................................................20

*Zerby v. City of Long Beach*
    637 Fed.Appx. 1008 (9th Cir. 2016).................................................................6, 17

<u>Statutes</u>

28 U.S.C. § 2201 ..................................................................................................10

Cal. Corp. Code § 409(a)(1) ...............................................................................21

U.S. Code § 541 ...................................................................................................17

<u>Other Authorities</u>

Bankruptcy Local Rules of the United States District Court for the Northern District of
    California Rule 5011-1 .....................................................................................8

Fed.R.Civ.P.  52(a) ..............................................................................................23

Fed.R.Civ.P. 52 F................................................................................................23

Federal Rules of Bankruptcy Procedure Rule 7001....................................................17

Federal Rules of Bankruptcy Procedure Rule 7001(1), (2), and (9)............................17

Federal Rules of Bankruptcy Procedure Rule 7052.........................................8, 23, 24

# I.
## INTRODUCTION AND SUMMARY OF ARGUMENT

Appellant/defendant Anthony Nobles' ("Appellant") Opening Brief (the "AOB") is remarkable in that each and every legal argument advanced therein is defeated by Appellant's affirmative admissions during the Bankruptcy Court proceedings and/or waivers of these purported issues. Even if that were not the case, Appellant's various arguments are simply wrong – on both the facts and the law. Accordingly, Appellant's appeal should be rejected in its entirety and the Bankruptcy Court's judgment should be affirmed.

First, Appellant claims the Bankruptcy Court exceeded its jurisdiction in determining the 50,000 corporate shares at issue in this appeal were void for lack of consideration and that the Bankruptcy Court should have concluded plaintiff/appellee MUFG Union Bank, N.A. (the "Bank") lacked standing to seek such declaratory relief. But Appellant previously admitted all of the facts necessary to establish the Bankruptcy Court's jurisdiction (*see* AA, 14:12-25 and 29:10-18) and never raised these objections with the Bankruptcy Court. *In re Kieslich*, 258 F.3d 968, 971 (9th Cir. 2001) ("a party waives any objection to a bankruptcy court's discretionary exercise of its jurisdiction over related suits by failing to raise it before the bankruptcy court."). Moreover, Appellant's efforts to challenge the Bank's "statutory standing" are forfeit due to his failure to raise the issue with the Bankruptcy Court. *Zerby v. City of Long Beach*, 637 Fed.Appx. 1008, 1010 (9th Cir. 2016)

Even if that were not the case, the Bankruptcy Court clearly had the requisite jurisdiction and the Bank plainly had standing to seek the relief requested, which increased Debtor's bankruptcy estate's ownership interest in Coastal Cypress Corporation ("Coastal") from approximately 24% to 100%. The Bank holds

approximately 97% of the unsecured debt in Debtor's bankruptcy case.  As further detailed below, Debtor's attempted to conceal his 100% ownership interest in Coastal (abetted by Appellant, among others) in an effort to deprive his bankruptcy estate (and, by extension, the Bank as his chief creditor) of millions of dollars.  To paraphrase *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), the harm to the Bank clearly qualified as an "injury in fact," causally connected to the conduct complained of (*i.e.*, the sham stock transaction), redressable by a favorable decision.  *See id.* at 560-561.  Given the magnitude of the harm and the Bank's stake in the value of Debtor's bankruptcy estate, the Bank sought and was granted derivative standing to pursue its claims against Appellant and the other defendants.  (*See* Appellee MUFG Union Bank, N.A.'s Appendix ("BA"), 3-5.)

Next, Appellant's second purported "issue on appeal" advocates for a new legal theory never argued in the Bankruptcy Court.  Appellant argued to the Bankruptcy Court that he paid and Coastal actually received valid consideration of $50,000 in exchange for the 50,000 Coastal shares issued to Appellant.  (*See* AA, 465-467:23-12.)  But after the evidence presented at trial established that Coastal never actually received Appellant's $50,000, Appellant now argues that Coastal's actual receipt of the funds was immaterial because Appellant paid the money to debtor/defendant Robert Brower Sr. ("Debtor"), who Appellant purportedly understood to be acting as Coastal's agent.  (*See* AOB, 15-18.)  This new agency theory was never raised with the Bankruptcy Court and was therefore waived.  *In re Starky*, 522 B.R. 220 (9th Cir. BAP 2014) ("Ordinarily, if an issue is not raised before the trial court, it will not be considered on appeal and will be deemed waived.")  Even if that were not the case, the Bankruptcy Court's conclusions based on the evidence presented at trial established that Debtor was, at all times, acting in his own best interests rather than as an agent for Coastal.  (*See* AA,

498:19-26 (observing "a pattern and practice" of Debtor "tak[ing] investment funds as they were received and direct[ing] them among the associated corporations as he deemed necessary and in his own best interests.").)

Finally, Appellant also waived his third purported "issue on appeal" – the Bankruptcy Court's purported failure "to identify any facts or separately state its conclusions of law" in its operative order and judgment – by failing to raise the purported issue with the Bankruptcy Court via motion pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure ("FRBP").  *See Phoenix Engineering & Supply Inc. v. Universal Elec. Co., Inc.*, 104 F3d 1137, 1140 (9th Cir. 1997) ("An appellant may not challenge the specificity of the court's findings if he or she failed to make a motion for more specific or additional findings.").  Even if that were not the case, the Bankruptcy Court's operative order and judgment are not, in fact, deficient.

For the foregoing reasons and as further detailed below, Appellant's appeal should be rejected and the Bankruptcy Court's judgment should be affirmed in its entirety.

## II.

## THE BANK'S OBJECTION TO APPELLANT'S JURISDICTIONAL STATEMENT

The Bank alleged as follows in its operative Amended Complaint:
> 10. This adversary proceeding arises under title 11, or arises in or is related to the Bankruptcy Case, within the meaning of 28 U.S.C. § 1334(b). This Court therefore has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), 157(b), 1334(b) and 1334(e) and Rule 5011-1 of the Bankruptcy Local Rules of the United States District Court for the Northern District of

California, including jurisdiction to enter a final judgment.

11. This Court also has jurisdiction pursuant to 28 U.S.C. §§ 2201 and 2202.

12. This is an adversary proceeding to obtain declaratory relief that various property interests controlled by the Debtor are property of the estate and therefore is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), and (O). To the extent necessary, Plaintiff consents to entry of a final judgment by this Court.

13. For claims arising under state law, this Court also has jurisdiction under 28 U.S.C. § 1367.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

15. The Defendants are subject to the jurisdiction of this Court.

(AA, 14:12-25.)  And in the Answer to Amended Complaint Appellant jointly filed with defendant Babcock (the "Answer"), Appellant and Babcock stated as follows in response to the aforementioned allegations:

10. Defendants admit the allegations of paragraph 10.

11. Defendants admit the allegations of paragraph 11.

12. Defendants admit the allegations of paragraph 12.

13. Defendants admit the allegations of paragraph 13.

14. Defendants admit the allegations of paragraph 14.

15. Defendants admit the allegations of paragraph 15.

(AA, 29:10-18.)  Appellant's jurisdictional admissions reflected in his Answer are directly at odds with his freshly-minted contention in the AOB that the Bankruptcy Court "exceeded its jurisdiction by hearing and ruling on the Plaintiff Bank's claim for declaratory judgment against Appellant pursuant to 28 U.S.C. § 2201 and seizing Appellant's property, which was not sufficiently connected to Debtor's estate."  (AOB, 4.)

"[U]nder federal law, stipulations and admissions in the pleadings are generally binding on the parties and the Court.  Not only are such admissions and stipulations binding before the trial court, but they are binding on appeal as well." *American Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (*quoting Ferguson v. Neighborhood Housing Services*, 780 F.2d 549, 551 (6th Cir. 1986).)  "Judicial admissions are formal admissions in the pleadings which have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact."  *Id.* (*quoting In re Fordson Engineering Corp.*, 25 B.R. 506, 509 (Bankr.E.D.Mich.1982).)  "Factual assertions in pleadings and pretrial orders, unless amended, are considered judicial admissions conclusively binding on the party who made them.  *American Title Ins.*, 861 F.2d at 226; *see also Greenbaum v. U. S.*, 360 F.Supp. 784, 787 (E.D. Pa. 1973) ("[W]hile jurisdiction may not be conferred or waived by the parties, a party may be held to an admission of jurisdictional facts.").

Appellant admitted all facts on which the Bankruptcy Court's jurisdiction to hear and rule on the Bank's claims for declaratory relief were based.  These admissions are binding on appeal; Appellant cannot belatedly dispute them.

## III.

## THE BANK'S STATEMENT OF THE CASE AND BACKGROUND FACTS

### A.   Coastal's Importance To Debtor's Bankruptcy Estate

Debtor founded Coastal as a California corporation in 1982 and was its President during the subsequent decades.  (AA, 276:15-16 and 24-25.)  Moreover, as the Bankruptcy Court determined in this adversary proceeding, Debtor was the 100% owner of all valid outstanding Coastal stock and all other outstanding stock – including shares purportedly issued to Appellant – was void for lack of consideration.

Establishing Debtor as Coastal's 100% owner – a fact disputed by Debtor and various other individuals, including Appellant – enhanced the value of Debtor's bankruptcy estate by millions of dollars because, at the time Debtor filed for bankruptcy, Coastal owned the real property commonly referred to as 8890 & 8940 Carmel Valley Road in Carmel, California (the "Wine Estate Property").  The Wine Estate Property was an approximately 16-acre estate that included a tasting room, wine production facility, barrel aging room, offices, outdoor event venues, and vineyards.  (AA, 276:21-25.)   It was the former site of the Chateau Julien Wine Estate, which Debtor oversaw for decades as President of Chateau Julien, Inc. ("CJ"), Great American Wineries, Inc. ("GAW"), and Coastal, each of which played a role in the Chateau Julien Wine Estate enterprise.  (*Id.*)  Coastal sold the Wine Estate Property along with certain equipment and other assets related to the ongoing wine estate business operations in April 2015 (*i.e.*, after Debtor filed for bankruptcy) for total consideration of $12,035,707.24.  (AA, 382-383.)

Given that millions of dollars were at stake, the Bank filed its adversary complaint (the "Complaint") against Debtor, Appellant, and other individuals who were participating in Debtor's subterfuge regarding his ownership interest in

Coastal.  (AA, 11-21.)  Specifically, the Bank alleged as follows under its first

claim for relief:

> 30. The Bank contends that Brower and Patricia Brower (or, in her stead, defendant Patricia Brower Trust) **own all of the interests in Coastal California and Coastal Delaware as community property and that defendants Nobles, Babcock, and Lindley have no interest in Coastal California or Coastal Delaware**. The Bank further contends that Brower's bankruptcy estate includes all of the interest held by him and by Patricia Brower (or the Patricia Brower Trust) pursuant to Bankruptcy Code section 541(a)(1) and 541(a)(2).
>
> 31. The Bank is informed and believes and alleges thereon that Brower disputes the Bank's contentions and contends that defendants Brower, Patricia Brower/Patricia Brower Trust, Nobles, Babcock and Lindley had interests in Coastal California as follows: Brower- 24%, Patricia Brower/Patricia Brower Trust- 13%, Nobles- 20.8%, Babcock- 5.2%, Lindley- 37%. The Bank is further informed and believes that Brower contends that he does not hold all of the interests in Coastal Delaware.
>
> 32. **An actual controversy has arisen and now exists with regard to the extent of the bankruptcy estate's interest in Coastal California and Coastal Delaware**. The Bank requests that the Court declare the interest of the Brower's bankruptcy estate in Coastal California and Coastal Delaware.

(AA, 7:10-23 (emphasis added).)

Moreover, the Bank sought permission to pursue the Complaint for the

benefit of Debtor's bankruptcy estate, which was granted as follows:

> Union Bank is granted derivative standing to pursue all causes of action alleged in the amended complaint filed by Union Bank in Adversary Proceeding No. 17-05044, including without limitation the claim for relief seeking

> to avoid a post-petition transaction under Sections 549
> and 550 of the Bankruptcy Code, and the claims for relief
> seeking declaratory relief as to the extent of the estate's
> assets.

(BA, 4:8-12.)

Since the Bankruptcy Court entered judgment in this case, the liquidating trustee for Debtor's bankruptcy estate (the "Trustee") has taken charge of Coastal and recently filed an adversary action in Bankruptcy Court to, among other things, avoid certain post-bankruptcy petition and/or fraudulent transfers and to recover, among other things, millions of dollars that Debtor improperly caused Coastal to transfer to various third parties in an effort to hide the proceeds of the Wine Estate Property Sale.  (*See* BA, 75-225.)  Among other things, the Trustee contends Coastal received nearly $6 million in net proceeds from the sale of the Wine Estate Property and would have received an additional $1.2 million in net proceeds if not for an improper distribution from escrow to an entity controlled by Appellant. (BA, 88:15-20 and fn. 2.)  All told, companies controlled by Appellant received at least $1,720,000 of the Wine Estate Property sale proceeds for dubious "consulting services."  (*See* BA, 94-99:10-9.)

**B.    How And Why Appellant's Coastal Shares Were Deemed Void**

Throughout his bankruptcy and the related adversary proceedings, Debtor alleged he was merely a minority shareholder of Coastal stock.  However, between the Bankruptcy Court's ruling on the Bank's Motion for Summary Judgment (the "MSJ Ruling") (*see* AA, 275-291 and 292-295) as well as its post-trial order and judgment (*see* AA, 478-486 and 487-489), all Coastal shares purportedly issued to individuals other than Debtor – including the 200,000 shares purportedly issued to

Appellant (only 50,000 of which are at issue in this appeal) – were deemed void for lack of consideration.

As further addressed below, this Court previously affirmed the MSJ Ruling, wherein 150,000 of Appellant's purported Coastal shares were deemed void for lack of consideration.  (*See* BA, 51-62.)  The Court should now affirm the Bankruptcy Court's order after trial (AA, 478-486) and the attendant judgment (AA, 487-489) deeming Appellant's remaining 50,000 Coastal shares void for lack of consideration.

### 1)  The MSJ Ruling And Its Subsequent Affirmation On Appeal

Throughout this lawsuit, Appellant contended he acquired 200,000 Coastal shares by paying $200,000 on January 31, 2011.  (*See e.g.*, AOB, 5.)  However, as Appellant admitted before trial, the payment in question was not made to Coastal, but to Debtor and Mrs. Brower's personal bank account.  (AA, 279:24; *and see* AA, 470:21-24.)  Debtor then transferred $150,000 to his other company, CJ, characterizing it as a "loan" from Coastal to CJ.  (AA, 279-280:26-1.)  But the purported loan was never repaid and so Coastal never received the $150,000.  (*Id.*)  Accordingly, the Bankruptcy Court concluded "no consideration was provided for 150,000 of [Appellant's] shares."  (AA, 281:6)

Appellant argued that even if Coastal did not actually receive the money he paid to Debtor, he should still retain his Coastal shares because he was "a bona fide (or 'innocent') purchaser" of the Coastal stock.  (AA, 107:21-25.)  However, the Bankruptcy Court concluded Appellant's purported "'bona fide purchaser' defense does not apply."  (AA, 282:22.)

Appellant (jointly with the other defendants) filed a Notice of Appeal and Statement of Election from the MSJ Ruling.  (BA, 7:15-21.)  The corresponding

Designation of Record and Statement of Issues included the following among the
"Statement of Issues":

> Whether the Bankruptcy Court erred in finding that with
> regard to the Plaintiff's First Claim, the Coastal shares of
> Nobles are void for lack of consideration, pursuant to
> California Corporations Code § 409.

The brief jointly submitted by all appellants in that proceeding (*see* BA, 24)
ultimately did not challenge the Bankruptcy Court's determination that 150,000 of
Appellant's purported Coastal shares were void for lack of consideration. (*See*
BA, 32-33.) However, the appellants raised and this Court rejected the purported
"bona fide purchaser" defense in the context of defendant Lindley's purported
Coastal shares. (*See* BA, 57-58:20-15.) Accordingly, this Court ultimately
affirmed the MSJ Ruling. (BA, 62:10-17.)

**2) Trial**

In its MSJ Ruling, the Bankruptcy Court concluded there were disputed
issues of fact as to whether 50,000 of Appellants' Coastal shares had been validly
issued. (*See* AA, 280-281:13-8.) This conclusion was based on Debtor's
declaration and certain bank records reflecting that several days after Appellant
caused $200,000 to be deposited in Debtor and Mrs. Brower's personal account,
Debtor deposited a $50,000 check from that personal account into Coastal's
account. (*Id.*) However, as the Bankruptcy Court noted in its Order After Trial
and as Appellant was forced to admit in the Joint Pretrial Conference Statement he
submitted with the other defendants, Debtor neglected to disclose a key fact in his
declaration – that Debtor made the $50,000 payment to Coastal as a personal loan
that was later repaid:

> In opposition to Plaintiff's motion for summary judgment
> a new argument was presented – that the $50,000 check
> transferred the money paid by Nobles to Coastal as

consideration for his shares.  In support Brower stated in
his Supplemental Declaration that "$50,000 of the money
paid by Nobles was transferred from my bank account
directly into Coastal Cypress via check number 8948…
This money was shown as a 'cash receipt' and 'paid in
capital' on the [Coastal] general ledger."  Exhibit 6, p. 6-
7, ¶ 17.  **However, in his Supplemental Declaration
Brower failed to note that also on February 4, 2011,
Brower loaned $50,000 to Coastal, received a
promissory note in exchange, and that note was
subsequently repaid by Coastal.  Exhibit 9, p. 3-4.
There was only one $50,000 transfer between Brower
and Coastal between January 12 and February 11,
2011. Exhibit 4.**


Brower's transfer of funds to Coastal and Coastal's
immediate issuance of a promissory note to Brower is not
a coincidence – it is a pattern and practice of Brower to
take investment funds as they were received and direct
them among the associated corporations as he deemed
necessary and in his best interests.  Unfortunately for
Nobles, that did not include transfer of $50,000 to
Coastal as "money paid" for the Coastal shares issued to
Coastal.  Further, **Brower's taking of a promissory note
and its repayment precludes these funds from
qualifying as an investment in Coastal**.

(AA, 480-481:27-26 (emphasis added); *and see* AA, 469-470:15-9 (wherein
Appellant admits the salient facts concerning Debtor's $50,000 loan to Coastal and
Coastal's repayment thereof).)

Accordingly, the Bankruptcy Court found that "the Coastal shares issued to
Nobles…are void for lack of consideration" (AA, 485:21-22) and entered
judgment after trial consistent with that finding (the "Judgment").  (AA, 487-488.)

Since all other purported Coastal shareholders' shares were deemed void pursuant to the MSJ Ruling and Judgment, Debtor was left as Coastal's 100% owner.

## IV.
## ARGUMENT

**A.**   **Issue I: The Bank's Standing**

"All creditors are 'injured in fact' for purposes of 'constitutional standing' because they are able to allege injury that is 'fairly traceable' to the bankruptcy." *In re Godon, Inc.*, 275 B.R. 555, 564 (Bankr. E.D. Cal. 2002).

With only certain, specified exceptions, a bankruptcy debtor's estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case."  11 U.S. Code § 541. FRBP Rule 7001 authorizes adversary proceedings for declaratory judgment relating to the recovery of property and to determine the extent of an interest in property.  FRBP Rule 7001(1), (2), and (9); *and see In re Lionel Corp.*, 23 B.R. 224, 225 (Bankr. S.D.N.Y. 1982) (In bankruptcy court, relief with respect to the determination of interest in property is appropriate in the context of an adversary proceeding.) Moreover, as acknowledged in Appellant's authority, *In re Godon, Inc.*, 275 B.R. 555 (Bankr. E.D. Cal. 2002) (*see* AOB, 9), a creditor acting with judicial permission may pursue claims for the benefit of the bankruptcy estate, presenting a straightforward question of "statutory standing."  *See* 275 B.R. at 561-563. However, challenges to "statutory standing" are forfeited if not raised in the trial court.  *Zerby v. City of Long Beach*, 637 Fed.Appx. 1008, 1010 (9th Cir. 2016); *Nationstar Mortgage LLC v. Soria*, 753 Fed.Appx. 456, 456 (9th Cir. 2019).

Under *Zerby* and *Nationstar*, Appellant has forfeited any potential challenge to the Bank's "statutory standing" to pursue its claims for declaratory relief in this

action on behalf of Debtor's bankruptcy estate.  And even if that were not the case, Appellant's own authority, *In re Godon*, coupled with the Bankruptcy Code, Bankruptcy Rules, and the Bankruptcy Court's expressly granted permission (BA, 4:8-12) establish the Bank's "statutory standing" to pursue its claims for declaratory relief concerning Debtor's ownership of Coastal on behalf of the estate.

As to the purported Article III issues raised in the AOB, *In re Godon* also completely undermines Appellant's efforts to dispute the Bank's "injury in fact." 275 B.R. at 564  ("All creditors are 'injured in fact' for purposes of 'constitutional standing'").  And Appellant's arguments disputing the "causal connection" and "redressability" prongs of *Lujan*'s Article III standing test are based on Appellant's rather obvious mischaracterization of the Bank's claim for declaratory relief as seeking to establish that Appellant's purported Coastal shares were property of Debtor's bankruptcy estate.  (*See e.g.* AOB, 10 ("the Bank has no legally protected interest in Appellant's 50,000 Coastal shares.") and 13 ("the Bank alleged no causal connection between its rights in Debtor's property and Appellant's purchase or ownership shares from the non-debtor Coastal, which occurred prior to the filing of the bankruptcy.").)

But as detailed in the Complaint and referenced above, the Bank alleged that "Brower and Patricia Brower (or, in her stead, defendant Patricia Brower Trust) **own all of the interests** in Coastal California and Coastal Delaware as community property and that defendants Nobles, Babcock, and Lindley **have no interest** in Coastal California or Coastal Delaware."  (AA, 7:10-16.)  Accordingly, the Bank did not seek to establish that Appellant's purported interest in Coastal was the property of Debtor's bankruptcy estate, but rather sought to establish that Appellant's purported interest in Coastal did not exist at all.  The Bank was successful in this endeavor, erasing Appellant's (and Debtor's other accomplices')

purported interest in Coastal, which had previously purported to dilute Debtor's Coastal ownership.  Thus Debtor was deemed Coastal's 100% owner, thereby redressing the harm done by Debtor and his accomplices' efforts to obscure the extent of his valuable interest in Coastal.

Appellant's efforts to dispute the Bank's standing in this case are a classic red-herring and should be rejected.

**B.**    **Issue II: The Bankruptcy Court's Finding That Appellant's Alleged 50,000 Shares Of Stock In Coastal Are Void For Lack Of Consideration Was Not Clearly Erroneous.**

As Appellant acknowledges "[f]indings of fact are reviewed under the clearly erroneous standard of review…"  (AOB, 7.)  "Review under the clearly erroneous standard is 'significantly deferential,' with reversal requiring 'a definite and firm conviction that a mistake has been committed' … Put another way, '[a] court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record.'"  *In re Rader*, 488 B.R. 406, 409-410 (9th Cir. BAP 2013) (brackets in original) (collecting cases).

As a preliminary matter, Appellant's contention that "the Bankruptcy Court abused its discretion in finding that Appellant failed to pay sufficient consideration for his shares" is based on an agency theory and related legal argument never advanced in the Bankruptcy Court.  (*Compare* AOB, 15-18 to AA, 463-468 (Appellant's Trial Brief).)  At the time of trial, Appellant merely contended that Coastal had, in fact, received at least $50,000 from Appellant, which he argued was sufficient consideration for 50,000 Coastal shares.  (AA, 465:19-22 - "The trial evidence will prove that Dr. Nobles paid $200,000 for shares in Coastal, and at least $50,000 of that sum **was deposited into a Coastal account**." (emphasis added).)  In contrast, Appellant now asserts that a deposit of funds into Coastal's

account was not required because "Debtor had actual and apparent authority to act for and on behalf of Coastal and receive funds on Coastal's behalf." (AOB, 16)  As Appellant ***now*** sees it, Appellant's transfer of funds to Debtor's personal account was, in and of itself, "sufficient consideration paid to Coastal in exchange for Appellant's shares" regardless of whether Coastal ever received a dime.  (AOB, 18.)  This new argument cannot be considered at this stage of the proceedings and the Bank will be gravely prejudiced if it is in light of its inability to present new evidence to refute it.

"Ordinarily, if an issue is not raised before the trial court, it will not be considered on appeal and will be deemed waived."  *In re Starky*, 522 B.R. 220, 230 (9th Cir. BAP 2014) (*quoting Levesque v. Shapiro (In re Levesque)*, 473 B.R. 331, 335 (9th Cir. BAP 2012).  "As a general rule, an appellate court will not consider an issue raised for the first time on appeal unless it falls within one of [the following] three exceptions to the general rule[:]" (1) review is necessary to prevent miscarriage of justice or preserve integrity of judicial process; (2) a new issue arises while appeal is pending due to change in law; or (3) issue presented is purely one of law and either does not depend on factual record developed below or pertinent record has been fully developed."  Appellant is not explicit about which of these exceptions he is relying on to argue his new agency theory, but his citation to *In re Pizza of Haw., Inc.* 761 F.2d 1374 (9th Cir. 1985) (*see* AOB, 7) suggests it is the third.  However, *In re Pizza of Haw.* and the case it relies on, *In re Walsh Construction, Inc.*, 669 F.2d 1325, 1329 (9th Cir. 1982), are inapposite.

In both *In re Pizza of Haw.* and *In re Walsh Construction*, the courts reasoned the aforementioned third exception to the general rule precluding the appellate court from considering new arguments applied because "the issue did not raise facts outside the record."  *In re Pizza of Haw.*, 669 F.2d at 1379 (*citing In re*

*Walsh Construction, Inc.,* 669 F.2d at 1329).  That is not the case here, where Appellant ranges far afield of the trial materials in support of his new agency theory.  (*See* AA, 16 – citing almost exclusively to materials submitted in connection with Defendants' Motion for Summary Judgment.)  Notably, Appellant fails to cite any testimony from either Appellant or Debtor in support of Appellant's new agency theory much less exhibits he introduced at trial.  That is because neither Appellant nor Debtor appeared at trial to offer such testimony and did not proffer any exhibits tending to establish that Debtor was, in fact, acting as Coastal's agent when he received money at Appellant's direction.

Given the evidence and arguments actually advanced at trial, the Bankruptcy Court correctly analyzed the issue and concluded Appellant's purported 50,000 Coastal shares were void.  A corporation may issue shares for consideration "consisting of any or all of the following: money paid; labor done; services actually rendered to the corporation or for its benefit or in its formation or reorganization; debts or securities canceled; and tangible or intangible property actually received by the issuing corporation or by a wholly owned subsidiary; but neither promissory notes of the purchaser (unless adequately secured by collateral other than the shares acquired or unless permitted by Section 408) nor future services shall constitute payment or part payment for shares of the corporation." Cal. Corp. Code § 409(a)(1); *see also Burton v. Burton*, 161 Cal. App. 2d 572, 577-78 (1958) ("[T]he capital stock of a corporation is the money contributed by the corporators to the capital, and is usually represented by shares issued to subscribers to the stock on the initiation of the corporate enterprise.  It consists of the consideration received or agreed to be received in exchange for all issued stock, whether the consideration takes the form of money paid, labor done, or property actually received.").  Shares issued in violation of these parameters "**are**

**void**, and the parties receiving them **do not** thereby become shareholders."
*Cortelyou v. Imperial Land Co.*, 156 Cal. 373, 376 (1909) (emphasis added)
(citation omitted); *Latis Laser, Inc. v. Ice Cold Stocks, LLC*, No. CV 08-03587-
RGK (Cwx), 2008 WL 11338191, at *2 (C.D. Cal. Sept. 23, 2008) (quoting
*Cortelyou*); *see also Kahle v. Stephens*, 214 Cal. 89, 92 (1931) ("[T]the stock
originally issued to them as above described was void because…it was issued
without consideration."); *Clark v. Millsap*, 197 Cal. 765, 779 (1926) ("[S]hares of
stock issued in violation of [the prohibition on issuing stock without consideration]
are void and the parties receiving them do not thereby become shareholders.").

Momentarily setting aside Appellant's aforementioned waiver of his new
agency argument, it is important to note that even if the Court does elect to
consider it, the evidence presented at trial augers against a finding that Debtor was,
in fact, acting as Coastal's agent at the time he received Appellant's money.  One
need look no further than how Debtor himself reported using the $200,000
Appellant transferred to Debtor's personal bank account – sending $150,000 to CJ
as a purported "loan" that was never repaid and characterizing the $50,000 he
actually did send to Coastal as a loan of Debtor's personal funds which he caused
Coastal to repay with interest.

The reality of how Debtor operated the Chateau Julien Wine Estate
enterprise, presiding over his three companies entirely unchecked and transferring
money amongst them, himself, and his family members on a whim, betrays any
notion that Debtor was actually acting as an agent for any of the various
corporations.  The situation is simply not comparable to any of the cases Appellant
cites in support of his contention that Appellant's transfer of funds to Debtor's
personal bank account was sufficient consideration for shares issued by Coastal.
As the Bankruptcy Court observed, "it is a pattern and practice of Brower to take

investment funds as they were received and direct them among the associated corporations as he deemed necessary **and in his best interests**.”  (AA, 480-481:27-26 (emphasis added).)  When it came to matters of money (particularly other peoples' money), Debtor was at all times acting for himself, not as Coastal's agent.  The Bankruptcy Court's determination that Appellant's purported 50,000 Coastal shares were void for lack of consideration was plainly not “clearly erroneous.”

## C.   **Issue III: Appellant Waived Any Right To Challenge The Sufficiency Of The Court's Judgment Under FED. R. CIV. P. 52(a).**

“Rule 52 F.R.Civ.P. applies in adversary proceedings [in bankruptcy court], except that any motion under subdivision (b) of that rule for amended or additional findings shall be filed no later than 14 days after entry of judgment.”  FRBP, Rule 7052.  “An appellant may not challenge the specificity of the [trial] court's findings if he or she failed to make a motion for more specific or additional findings [to the trial court].”  *Phoenix Engineering & Supply Inc. v. Universal Elec. Co., Inc.*, 104 F.3d 1137, 1140 (9th Cir. 1997); *and see Reliance Finance Corp. v. Miller*, 557 F.2d 674, 681-682 (9th Cir. 1977) (“It would seem that if a party is not willing to give a trial judge the benefit of suggested findings and conclusions, he is not in the best of positions to complain that the findings made and conclusions stated are incomplete. [citation omitted]”

Appellant's complaints concerning the purported insufficiency of the Order After Trial are rather disingenuous because, as detailed in the foregoing section concerning Appellant's Issue I, they are based on a mischaracterization of the relief sought in the operative complaint and they concern issues that, as noted above, Appellant never contested.  Moreover, the AOB does not cite to any motion

Appellant purportedly filed with the Bankruptcy Court under FRBP 7052. That is because no such motion was made. Accordingly, Appellant is barred from belatedly raising the Court's alleged failure to identify its findings of fact and conclusions of law.

The Bankruptcy Court's Order After Trial (AA, 495-503) was entirely sufficient given the issues raised at trial. The Bankruptcy Court specifically stated therein "[t]his order incorporates my findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052" (AA, 496:7-8) and went on to provide a thorough analysis of, among other things, the evidence presented and legal arguments advanced by the parties at trial concerning Appellant's purported 50,000 Coastal shares. (AA, 497-:17-12.) The Bankruptcy Court addressed and rejected the only three defenses presented at trial concerning Appellant's alleged ownership of 50,000 Coastal shares: (1) that Coastal had, in fact, received $50,000 from Appellant as payment for the 50,000 shares; (2) that Appellant was a "bona fide purchaser" who should be permitted to retain his shareholder status; and (3) that the existence of a contract for Appellant to purchase the Coastal shares somehow obviated the need for Coastal to actually receive consideration for the shares. (*Id*.) In doing so, the Bankruptcy Court cited to specific evidence and law. The Bankruptcy Court simply cannot be faulted for failing to address issues Appellant did not bother raise either at trial or pursuant to a motion under FRBP 7052.

## V.
## <u>CONCLUSION</u>

For the foregoing reasons, Appellant's appeal should be rejected in its entirety and the Bankruptcy Court's Judgment should be affirmed.

Dated:  October 6, 2021

SHEPPARD MULLIN RICHTER & HAMPTON LLP


By _____/s/ Isaiah Z. Weedn_____
ISAIAH Z. WEEDN
Attorneys for Respondent
MUFG UNION BANK, N.A.

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Isaiah Z. Weedn, certify that, pursuant to Federal Rule of Bankruptcy Procedure 8015(h), appellee MUFG Union Bank, N.A.'s Opening Brief is prepared in Times New Roman font, 14-point, and contains 5,352 words, exclusive of the cover page, tables, corporate disclosure statement, signature block, this certificate, and the proof of service (*i.e.*, the portions exempted by FRBP 8015(g)).  In making this certification, I am relying on the word count of the computer program used to prepare the brief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:  October 6, 2021

SHEPPARD MULLIN RICHTER & HAMPTON LLP


By  _____*/s/ Isaiah Z. Weedn*_____
                        ISAIAH Z. WEEDN
                        Attorneys for Respondent
                        MUFG UNION BANK, N.A.

## <u>CERTIFICATE OF SERVICE</u>

**United States District Court, Northern District of California
Case No. 5:20-cv-06889-EJD**

I am employed in the County of Orange; I am over the age of eighteen years and not a party to the above entitled action; my business address is 650 Town Center Drive, 10th Floor, Costa Mesa, California 92626.

On October 6, 2021, I served the following document(s) described as **APPELLEE MUFG UNION BANK, N.A.'S OPENING BRIEF** on the interested party(ies) in this action by CM/ECF Notice Of Electronic Filing.  I electronically filed the document with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

| *Attorneys for Appellant Anthony Nobles* | *Attorneys for Defendant Robert Brower, Sr.; Coastal Cypress Corporation (California and Delaware); Wilfred "Butch" Lindley; Patricia Brower; Patricia Brower Trust; American Commercial Properties, Inc.* |
|---|---|
| John van Loben Sels<br>Fish IP Law, LLP<br>2603 Main Street, Suite 1000<br>Irvine, CA  92614<br>jvanlovensels@fishiplaw.com<br>Telephone:  949.943.8300<br>Facsimile:  949.943.8358 | Stephan A. Barber<br>JRG Attorneys At Law<br>318 Cayuga Street<br>Salinas, CA  93901<br>steve@jrgattorneys.com |

<u>Served via U.S. Mail</u>
Judge M. Elaine Hammond
U.S. Courthouse, Room 3035
280 S. First St.
San Jose, CA 95113

SMRH:4812-6759-3974.4

-27-

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 6, 2021, at Costa Mesa, California.

_____
Monika Grisotti