Case No. 5:20-cv-06889-EJD

_____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

_____

ANTHONY NOBLES,
*Appellant*,
v.
MUFG UNION BANK, N.A.,
*Appellee.*

_____

Appeal from the U.S. Bankruptcy Court

Honorable Elaine Hammond, Judge Presiding

Adversary Case No. 17-05044

_____

**APPELLANT'S REPLY BRIEF**

_____

John van Loben Sels (SBN 201354)
**FISH IP LAW, LLP**
2603 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 943-8300 | Facsimile: (949) 943-8358
jvanlobensels@fishiplaw.com

*Attorneys for Appellant*,
Anthony Nobles

## <u>TABLE OF CONTENTS</u>

I.  INTRODUCTION ........................................................................... 1

II.  LEGAL ARGUMENT ................................................................... 1

    A.  The Bank Fails To Establish It Ever Had Article III Standing ................ 1

        i.  The Bank Cannot Establish The First Element Of Article III
           Standing: Injury In Fact ................................................................. 3

        ii.  The Bank's Derivative Standing Does Not Confer Upon It
           Constitutional Standing Under Article III ........................................ 6

    B.  The Bank Fails To Show The Money Appellant Paid To Coastal Was
       Insufficient Consideration For His Shares of Coastal Stock ................. 11

    C.  Appellant Did Not Waive His Right To Challenge The Judgment Under
       Rule 52(a) .............................................................................. 17

III.  CONCLUSION ....................................................................... 21

## TABLE OF AUTHORITIES

**Cases**

*All. United Ins. Co. v. Krasnoff* (*In re Venegas*),

  623 B.R. 555 (B.A.P. 9th Cir. 2020) .................................................................. 4

*Am. Civil Liberties Union of Nev. v. Lomax*,

  471 F.3d 1010 (9th Cir. 2006) ............................................................................ 5

*Bakst v. Cmty. Mem'l Health Sys.*,

  2011 U.S. Dist. LEXIS 163192 (C.D. Cal. Mar. 7, 2011) .................................15

*In re Beck*,

  5 B.R. 169 (Bkrtcy. D. Haw. 1980) .................................................................... 8

*Bender v. Williamsport Area Sch. Dist.*,

  475 U.S. 534, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986) .................................... 2

*Bishop Paiute Tribe v. Inyo Cnty.*,

  863 F.3d 1144 (9th Cir. 2017) ............................................................................ 4

*Blue Cross of Cal. v. Sonoma W. Med. Ctr., Inc.*,

  2019 U.S. Dist. LEXIS 44004 (C.D. Cal. Feb. 7, 2019) ..................................8, 9

*Brookview Apts., L.L.C. v. Hoer (In re Weigh)*,

  576 B.R. 189 (Bankr. C.D. Cal. 2017) ............................................................... 6

C*omput. Scis. Corp. v. Comput. Assocs. Int'l, Inc.*,

  1999 U.S. Dist. LEXIS 21803 (C.D. Cal. Aug. 12, 1999) ............................10, 11

*In re Godon, Inc.*,

  275 B.R. 555 (Bankr. E.D. Cal. 2002) ......................................................2, 3, 4, 5

*In re Great Plains W. Ranch Co.*,

  *38 B.R. 899 (Bankr. C.D. Cal. 1984)* ................................................................ 8

*Greenwood v. FAA*,

    28 F.3d 971 (9th Cir. 1994) ................................................................................12

*In re Hall, Bayoutree Assocs., Ltd.*,

    939 F.2d 802 (9th Cir. 1991) ..............................................................................18

*Henderson v. United Student Aid Funds, Inc.*,

    918 F.3d 1068 (9th Cir. 2019) ............................................................................16

*Lujan v. Defenders of Wildlife*,

    504 U.S. 555 (1992) ................................................................................2, 4, 6, 9

*March v. Mortg. Elec. Registration Sys.*,

    659 F. App'x 383 (9th Cir. 2016) ........................................................................ 5

*Monteleone v. Southern California Vending Corp.*,

    264 Cal.App.2d 798, 70 Cal. Rptr. 703 (1968) ..................................................15

*In re Gosnell Development Corporation of Arizona*,

    221 B.R. 776 (D. Arizona 1998) ......................................................................... 7

*NLRB v. Dist. Council of Iron Workers of Cal. & Vicinity*,

    124 F.3d 1094 (9th Cir. 1997) ............................................................................15

*O. A. Graybeal Co. v. Cook*,

    111 Cal. App. 518 (Dist. Ct. App. 1931).............................................................16

*Pajaro Dunes Rental Agency v. Spitters (In re Pajaro Dunes Rental Agency)*,

    174 B.R. 557 (Bankr. N.D. Cal. 1994)................................................................13

*Pearlman v. Reliance Ins. Co.*,

    371 U.S. 132 (1932) ........................................................................................... 8

*Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co.*,

    219 F.3d 895 (9th Cir. 2000) .............................................................................. 2

*Phx. Eng'g & Supply v. Universal Elec. Co.*,

    104 F.3d 1137 (9th Cir. 1997) ............................................................................20

*In re Pizza of Haw., Inc.*,

    761 F.2d 1374 (9th Cir. 1985) ...........................................................12

*Poonja v. Chandrakant Shah (In re San Jose Airport Hotel, LLC)*,

    2018 U.S. Dist. LEXIS 47771 (N.D. Cal. Mar. 22, 2018) ......................12, 17, 18

*Proskauer Rose, LLP v. Blix Stree Records, Inc.*,

    384 Fed. Appx. 622 (9th Cir. 2010) ...........................................................7, 8, 9

*Scholes v. Lehmann*,

    56 F.3d 750 (7th Cir. 1995) ...........................................................10

*Sethi v. Wells Fargo Bank, N.A. (In re Sethi)*,

    2014 Bankr. LEXIS 2832 (B.A.P. 9th Cir. June 30, 2014) ................................17

*Shearson Lehman Hutton, Inc. v. Wagoner*,

    944 F.2d 114 (2d Cir. 1991) ...........................................................10

*In re Sisk*,

    962 F.3d 1133 (9th Cir. 2020) ........................................................... 4

*Sierra Club v. Morton*,

405 U.S. 727 (1972)........................................................... 9

*Simeonoff v. Hiner*,

    249 F.3d 883 (9th Cir. 2001) ...........................................................17, 19

*Slayman v. FedEx Ground Package Sys.*,

    765 F.3d 1033 (9th Cir. 2014) ........................................................... 5

S*mith v. Arthur Andersen Ltd. Liab. P'ship*,

    421 F.3d 989 (9th Cir. 2005) ...........................................................10

*Sonken-Glamba Corp. v. Atchison, T. & S.F. Ry.*,

    34 F. Supp. 15 (W.D.Mo. 1940) ...........................................................20, 21

*In re Starky*,

    522 B.R. 220 (9th Cir. BAP 2014)...........................................................12, 13

*Steinberg v. Buczynski*,

40 F.3d 890 (7th Cir. 1994) ............................................................................10

*Sturm v. Davlyn Invs., Inc.*,

2013 U.S. Dist. LEXIS 188005 (C.D. Cal. Nov. 6, 2013) ..................................16

*Thomas v. Taco Bell Corp.*,

582 F. App'x 678 (9th Cir. 2014) ....................................................................15

*In re Tudor Motor Lodge Assocs. Ltd. P'ship*,

102 B.R. 936 (Bankr. D.N.J. 1989).................................................................. 8

*UF&CW Union Local 751 v. Brown Group, Inc.*,

517 U.S. 544 (1996) ...................................................................................... 2

*In re Wardle*,

2006 WL6811026 (B.A.P. 9th Cir. Jan. 3, 2006) ..............................................18

*Wynne v. Streetman (In re Russell,*

121 B.R. 16 (Bankr. W.D. Ark. 1990) ............................................................. 9

*Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*,

654 F.3d 919 (9th Cir. 2011) .......................................................................... 6

*In re Young*,

409 B.R. 508 (Bankr. D. Idaho 2009) ............................................................. 9

*Yount v. Salazar*,

2013 U.S. Dist. LEXIS 2673 (D. Ariz. Jan. 8, 2013) ......................................... 6

**Statutes**

11 U.S.C. § 511 ................................................................................18, 19

11 U.S.C. § 541 ...............................................................................passim

**Other Authorities**

1978 U.S. Code Cong. & Ad. News 5787 ......................................................... 8

*2 Collier on Bankruptcy* P 101.30[3], at 101-139 (15th ed. rev. 2009) ................... 9

4A COLLIER ON BANKRUPTCY para. 541.13 (15th ed. 1983) ................................. 8

H.R.Rep. No. 595, 95th Cong., 1st Sess. ................................................................. 8

Restatement (Third) of Agency § 4.01 ...................................................................16

## Rules

BRAP 7052 ...............................................................................................................21

CAL. CORP. CODE § 312 ..........................................................................................15

CAL. CORP. CODE § 409 ......................................................................................passim

CAL. CORP. CODE § 409(a)(1) ............................................................................... 14

FED. R. CIV. P. 52(a) .................................................................................17, 19, 21

FED. R. CIV. P. 52(b) .....................................................................................19, 21

FRBP 7052 .........................................................................................................17, 19

Appellant Anthony Nobles ("Appellant" or "Nobles"), files this Brief in Support of his Appeal of the Bankruptcy Court's Order After Trial (Appx. 478-486) and Judgment (Appx. 487-489) entered on September 9, 2020 ("Appeal"). Defendant timely filed his Notice of Appeal and Statement of Election on September 22, 2020 (Appx. 490-507).

## I.   INTRODUCTION

In his opening papers, Appellant demonstrated that the Bank failed to establish its Article III standing to assert a claim in the bankruptcy proceeding below against Mr. Nobles.  The Bank's opposition failed to rebut this fundamental argument, and as a result, the judgment below must be reversed.  Next, even if the Court agreed the Bank did have Article III standing to proceed against Appellant, the Bank's opposition failed rebut Appellant's showing that the trial court was clearly erroneous in its finding that Mr. Nobles' 50,000 shares of Coastal stock were void for lack of consideration.  Indeed, Appellant's opening papers conclusively demonstrated there was no admissible evidence supporting the trial court's conclusion, and the Bank's papers cannot, and do not, change this fact. The Bank's final argument on this appeal that Appellant waived his right to challenge the trial court's judgment under Rule 52(a) is not supported by controlling authority, or even the cases the Bank cites.

For all the foregoing reasons, the Court must grant Mr. Nobles' appeal, and reverse the judgment of the trial court.

## II.   LEGAL ARGUMENT

### A. The Bank Fails To Establish It Ever Had Article III Standing

The Bank fails to establish a single element of Article III standing, *i.e.*, constitutional standing, to bring its claims against Appellant. Instead, the Bank relies solely on statutory standing to seek declaratory judgment as to Appellant's

1

50,000 shares, which were not property in which Debtor held any property interest at a relevant time, and thus, remain outside the scope of property that could possibly deemed a part of the bankruptcy estate under 11 U.S.C. § 541. However, the Bank ignores that statutory standing is in itself insufficient. "It is now an article of faith that every litigant in federal court must have 'constitutional standing.'" *In re Godon, Inc.*, 275 B.R. 555, 564 (Bankr. E.D. Cal. 2002) citing *UF&CW Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 551 (1996); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); and *Pershing Park Villas Homeowners Ass'n v. United Pac. Ins. Co*., 219 F.3d 895, 899 (9th Cir. 2000). Moreover, where the Bank may have Article III standing as to its claims against Debtor Brower arising out of the debtor-creditor relationship, as between the Bank and Appellant, no such debtor-creditor relationship ever existed.  As a result, the Bank failed to establish Article III standing as to any claim against Appellant.

Instead of addressing the issue of constitutional standing, the Bank first asserts it has statutory standing as a result of admissions made in Appellant's Answer to the Amended Complaint, which admit generally the Bankruptcy Court has jurisdiction to hear claims arising out of Debtor's bankruptcy. ECF #9 at 9. The Bank relies on Appellant's Answer to argue Appellant waived his Article III standing argument. *Id*.  However, "'Constitutional standing' is a jurisdictional limit on the power of federal courts and can never be waived." *In re Godon, supra*, citing *Bender v. Williamsport Area Sch. Dist*., 475 U.S. 534, 541-42, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986). Moreover, Appellant has never taken the position that the Bank has such standing to bring claims against Appellant. AOB Appx. p. 35.

While the Bankruptcy Court does have jurisdiction to hear valid claims under the Declaratory Judgment Act generally, the crux of Appellant's argument on appeal is that the Bank lacks constitutional standing to bring its claims against Appellant. This is because: (1) the Bank's claims against Appellant do not arise out

2

of Debtor's bankruptcy, because the 50,000 shares of Coastal stock were issued directly from non-debtor Coastal to non-debtor Nobles well before Debtor commenced his bankruptcy proceedings; (2) Appellant's shares were never the property of Debtor; and (3) neither the Bank nor Debtor were a party to or intended beneficiary of the transaction between Coastal and Nobles. The Bank's opposition rebuts ***none*** of these points. As a result, there exists no injury in fact, no actual case or controversy between the Bank and Appellant.

> **i.      The Bank Cannot Establish The First Element Of Article III Standing: Injury In Fact**

Instead of identifying any actual injury in fact, the Bank relies on a single, categorical statement from *In re Godon* to aver that all creditors are always deemed to have suffered 'injury in fact.' ECF #19 at 17. However, the Court's statement in *In re Godon* concerned only the standing of creditors to bring claims against ***debtors*** in bankruptcy—not constitutional standing as it applies to bankruptcy creditors who bring claims against non-debtors in adversary proceedings arising under facts concerning property outside the scope of Debtors' estate, *i.e.*, property in which Debtor never held an interest. *See* 11 U.S.C. § 541. This distinction makes all the difference in this appeal.  The statement quoted by the Bank specifically omits the second clause of the sentence that provides this critical context. ECF #19 at 17. In full, the Bank's citation should read,

> All creditors are "injured in fact" for purposes of "constitutional standing" because they are able to allege injury that is "fairly traceable" to the bankruptcy; at a minimum, they face the automatic stay and ***the risk that debts owed to them will be discharged***.

*In re Godon, Inc.*, 275 B.R. 555, 565 (Bankr. E.D. Cal. 2002). Here, however, the Banks' claims against Appellant do not arise out of any injury fairly traceable to Debtor's bankruptcy. "An injury in fact is 'the first and foremost of standing's three elements.'" *All. United Ins. Co. v. Krasnoff* (*In re Venegas*), 623 B.R. 555, 561 (B.A.P. 9th Cir. 2020) quoting *In re Sisk*, 962 F.3d 1133, 1142 (9th Cir. 2020). "It requires 'an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical.'" *All United, supra*, citing *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017) (quoting *Lujan*, 504 U.S. at 560)(internal quotations omitted). "A 'concrete' injury is one which actually exists and is not 'abstract,' 'remote,' or 'speculative.'" *All. United, supra*, citing *In re Sisk*, 962 F.3d at 1141. There is no part of the pre-bankruptcy, independent transaction between the non-debtors Coastal and Appellant that risks any debt owed to the Bank by Debtor would or could be discharged. Plainly, whether the Bank named Appellant as a defendant in the adversary proceeding has no bearing on the dischargeability of Debtor's debts to the Bank, or any other legally protected interest of the Bank that is concrete and particularized. As a result, the Bank has failed to allege the existence of any injury in fact at the time the adversary complaint was filed that is not abstract, remote, or speculative.

Moreover, Debtor's bankruptcy estate cannot claim ownership of Appellant's 50,000 shares of Coastal stock, because Debtor never held an interest in those shares. *See* 11 U.S.C. § 541. The Bank's opposition has no response to this essential point as well.  Prior to Appellant's purchase of those shares from Coastal, the shares were authorized but unissued stock residing in Coastal's treasury and holding no value in themselves. As such, the Bank alleges no actual injury that is fairly traceable to Debtor's bankruptcy, and its reliance on the categorical statement that all creditors have been injured in fact simply does not apply between

the Bank as a creditor of Debtor, and Appellant, a non-debtor in the adversary proceeding whose property at issue was never owned by Debtor. In wholly misplacing its reliance on the quotation from *In re Godon*, the Bank cites no evidence of actual injury in fact that could create the Article III standing required for the Bankruptcy Court to have jurisdiction over the Bank's claims against Appellant. This is because no such injury exists.

"When evaluating whether the standing elements are present, we must look at the facts as they exist at the time the complaint was filed." *Slayman v. FedEx Ground Package Sys.*, 765 F.3d 1033, 1047 (9th Cir. 2014) quoting *Am. Civil Liberties Union of Nev. v. Lomax*, 471 F.3d 1010, 1015 (9th Cir. 2006) (brackets omitted). From the outset, the Bank lacked Article III standing to bring its complaint against Appellant directly because, on the date the complaint was filed, there existed no injury in fact between the Bank and Appellant. Any claim against Appellant arising out of his stock purchase could have only been brought by Coastal for the breach of a stock purchase agreement, or an intended third-party beneficiary of that transaction. *See March v. Mortg. Elec. Registration Sys.*, 659 F. App'x 383, 385 (9th Cir. 2016) (Plaintiff "is not a third-party beneficiary to the [sic] contract, and thus lacks standing to challenge the sufficiency of the consideration provided"). The Bank was neither a party to nor third-party beneficiary of Appellant's stock purchase between Appellant and Coastal, and therefore lacked standing to challenge the sufficiency of consideration under the stock purchase agreement.  Because the Bank lacked standing to challenge the sufficiency of consideration between Appellant and Coastal on the date it filed its adversary complaint, the Bank lacked standing to seek declaratory judgment that Appellant's stock purchase was void for lack of consideration under CAL. CORP. CODE § 409. As such, the Bankruptcy Court lacked jurisdiction over the Bank's

claim against Appellant and, therefore, the judgment granting relief to the Bank against Appellant must be reversed.

For the foregoing reasons, the Bank has failed to establish the existence of any injury in fact between the Bank and Appellant at the time the Bank filed its Complaint and, as such, fails to satisfy the first element of Article III standing. Therefore, the judgment against Appellant voiding his stock purchase for lack of consideration under Cal. Corp. Code § 409 should be reversed.

### ii.       The Bank's Derivative Standing Does Not Confer Upon It Constitutional Standing Under Article III

The Bank's fallback argument that the Article III standing to assert its claim against Appellant is met through its derivative standing to act on behalf of the bankruptcy estate does not advance its position.  Specifically, the Bank's derivative standing to act on behalf of the bankruptcy estate fails to satisfy the Article III constitutional standing requirement that must be met when a federal plaintiff files a complaint. "Standing includes two components: Article III constitutional standing and prudential standing." *Yount v. Salazar*, 2013 U.S. Dist. LEXIS 2673, at *13 (D. Ariz. Jan. 8, 2013) quoting *Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 932 (9th Cir. 2011). "The 'core component of standing' is the case-or-controversy requirement found in Article III of the United States Constitution." *Yount, supra*, quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Here, the Bank is a creditor against Debtor, and was conferred upon it derivative standing to bring an action on behalf of the trustee in the bankruptcy. However, that "'derivative' standing to pursue those causes of action, *i.e*., prudential standing that is derivative of the powers of a trustee or debtor in possession" (*Brookview Apts., L.L.C. v. Hoer (In re Weigh*), 576 B.R. 189, 206 (Bankr. C.D. Cal. 2017)), does not satisfy the threshold, constitutional standing

requirement against Appellant. The Bank's derivative standing cannot exceed that of the bankruptcy trustee itself (i.e. it cannot convey greater standing than the trustee itself holds).  Here, the Bankruptcy Court's grant of derivative standing to the Bank could not reach Appellant's 50,000 Coastal shares, because the bankruptcy trustee could not itself reach those shares.  That is, the trustee could not convey greater prudential standing that it held itself.

Whether the value of the bankruptcy estate may have been indirectly affected by an independent, pre-bankruptcy transaction between non-debtor corporation Coastal and non-debtor shareholder Appellant is insufficient to confer Article III standing on the Bank, either as a creditor of Debtor or as the party having derivative standing to act for and on behalf of Debtor's bankruptcy estate. *See Proskauer Rose, LLP v. Blix Stree Records, Inc*., 384 Fed. Appx. 622, 624 (9th Cir. 2010) ("[T]hat the value of shares may have been diminished is insufficient to demonstrate standing."). For Article III constitutional standing to exist, "The parties must have a direct and immediate interest in the matter at hand. Simply because the matter affects the debtor or the creditor generally, however, is insufficient to confer standing." *In re Gosnell Development Corporation of Arizona,* 221 B.R. 776, 780 (D. Arizona 1998).

Here, the Bank's purpose in attempting to void Appellant's stock purchase, which occurred prior to Brower's bankruptcy, is to improperly maximize the ***value*** of Brower's bankruptcy estate by increasing the percentage of ***Coastal's assets*** that can be claimed by the Bank as a result of the estate's existing shares in Coastal. This is an issue of simple math: the greater percentage of Coastal stock owned by Brower, the greater the percentage of Coastal profits the Bank may claim as a creditor of Brower. That the Bank could not claim 100% of Coastal profits due to Appellant's ownership of 250,000 shares of Coastal stock at the commencement of the case, however, is not an 'injury' arising out of Debtor's bankruptcy or for

7

which the Bank can seek to deprive Appellant of his own rightful interest in Coastal. *See Proskauer Rose, supra*. "The Bankruptcy Act simply does not authorize a trustee to distribute other people's property among a bankrupt's creditors." *In re Great Plains W. Ranch Co., 38 B.R. 899, 902 (Bankr. C.D. Cal. 1984)* quoting *Pearlman v. Reliance Ins. Co*., 371 U.S. 132, 135-36 (1932); *see also*, 4A COLLIER ON BANKRUPTCY para. 541.13 (15th ed. 1983).

Under 11 U.S.C. § 541, Appellant's shares were never owned by Brower (the Debtor), and thus cannot be deemed property of the bankruptcy estate. "Section 541 'is not intended to expand the debtor's rights against others more than they exist at the commencement of the case.'" *In re Tudor Motor Lodge Assocs. Ltd. P'ship,* 102 B.R. 936, 949 (Bankr. D.N.J. 1989) quoting H.R.Rep. No. 595, 95th Cong., 1st Sess., reprinted in 1978 U.S. Code Cong. & Ad. News 5787; see also, *In re Beck*, 5 B.R. 169 (Bkrtcy. D. Haw. 1980). Despite this fact, to achieve its purpose, the Bank first sought to void Appellant's interest in Coastal by improperly attacking Appellant's stock purchase. Second, the Bank subsequently relied on its derivative standing to assert its claim against Appellant. ECF #19 at 7. However, in both instances, the Bank lacks constitutional standing because: (1) as discussed above, the Bank cannot directly bring or maintain a claim attacking the sufficiency of consideration paid by Appellant to Coastal; and (2) Appellant's shares are outside the scope of property that could ever be deemed property of the bankruptcy estate, and the bankruptcy estate possesses no valid claim against Appellant. *See* 11 U.S.C. § 541. The Court's discussion in *Blue Cross of Cal. v. Sonoma W. Med. Ctr., Inc.*, is instructive.

> In essence, Defendants claim that they have suffered injury in fact because they are creditors of Sonoma West Medical Center, an entity that was allegedly injured by Plaintiffs' refusal to reimburse for services rendered. "But the 'injury in fact' test requires more than injury to a cognizable

8

interest. It requires that the party seeking review be himself among the injured." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 563[sic] (1992) (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734-35[sic] (1972)). Just as a shareholder lacks standing to bring a direct action for an injury suffered by the corporation, so too do Defendants lack standing to bring a direct action against Plaintiffs in this matter. *See Proskauer Rose, LLP v. Blix Stree Records, Inc*., 384 Fed. Appx. 622, 624 (9th Cir. 2010) (finding that a corporate client's sole shareholder lacked injury in fact for Article III standing based on an injury sustained by the corporation.) Nor is this analysis altered by the fact that Plaintiffs' actions decreased the likelihood of Defendants' full recovery in SWMC's bankruptcy. *See Id.* ([T]hat the value of shares may have been diminished is insufficient to demonstrate standing."

*Blue Cross of Cal. v. Sonoma W. Med. Ctr., Inc.*, 2019 U.S. Dist. LEXIS 44004, at *16-17 (C.D. Cal. Feb. 7, 2019). Further, "It is well accepted that a filing by an individual who is an owner of a corporation brings into the estate ***only his ownership interest*** and not the assets of the corporation." *In re Young*, 409 B.R. 508, 513 (Bankr. D. Idaho 2009), citing *2 Collier on Bankruptcy* P 101.30[3], at 101-139 (15th ed. rev. 2009); *Wynne v. Streetman (In re Russell,* 121 B.R. 16, 17-18 (Bankr. W.D. Ark. 1990) (assets of corporation are not included in individual shareholder's bankruptcy estate). Here, the claims alleged against Appellant are for injuries that may only be made by the corporation Coastal as the only other party or beneficiary to Appellant's stock purchase. The Bank was not a party to that transaction, nor was Debtor. As a result, the Bank in its individual capacity, and in its derivative capacity acting for the bankruptcy estate, lacks standing to bring claims against Appellant. *See Proskauer Rose, LLP, supra.*

Further, that Brower was the Debtor in the bankruptcy and also a shareholder of Coastal does not give the bankruptcy estate a direct claim against

9

Appellant. First, "[U]nder the Bankruptcy Code the trustee stands in the shoes of the bankrupt [sic] and has standing to bring any suit that the bankrupt [sic] could have instituted had [they][sic] not petitioned for bankruptcy." S*mith v. Arthur Andersen Ltd. Liab. P'ship*, 421 F.3d 989, 1002 (9th Cir. 2005) quoting *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 118 (2d Cir. 1991). "If the debtor suffered an injury, the trustee has standing to pursue a claim seeking to rectify such injury. But, 'when a third party has injured not the bankrupt [himself][sic] but a creditor of [him][sic], the trustee in bankruptcy cannot bring suit against the third party.'" *Smith, supra*, quoting *Steinberg v. Buczynski*, 40 F.3d 890, 893 (7th Cir. 1994); *see also, Scholes v. Lehmann*, 56 F.3d 750, 753 (7th Cir. 1995) (explaining that a bankruptcy trustee may sue only to redress injuries to the debtor in bankruptcy). Here, at the commencement of the adversary proceeding, the bankruptcy estate held no claim that could have been brought by Brower against Appellant had Brower not filed for bankruptcy. As such, neither the trustee of Brower's bankruptcy estate, nor the Bank acting for the bankruptcy estate, possesses a valid claim against Appellant. Therefore, none of them have standing to bring the claim pled by the Bank in the adversary complaint against Appellant.

Second, "[T]o set out an individual action, the plaintiff must allege either 'an injury which is separate and distinct from that suffered by other shareholders,' or a wrong involving a contractual right of a shareholder, such as the right to vote." C*omput. Scis. Corp. v. Comput. Assocs. Int'l, Inc*., 1999 U.S. Dist. LEXIS 21803, at *85 (C.D. Cal. Aug. 12, 1999). No such individual right of a shareholder is at issue here. Brower, or the party acting with the power of the trustee of Brower's bankruptcy estate, the Bank, would have to bring a derivative shareholder action to challenge the actions of Brower and Coastal. Yet, at the time the adversary complaint was filed, no such derivative shareholder action was brought. Moreover, such a claim should be brought against the director or officer of Coastal, *i.e*.,

Brower, not Appellant. "After all, if all shareholders suffer a decline in the value of their shares as a result of the directors' wrongful actions, their loss is typically remedied in a derivative action brought on behalf of the corporation against its directors." *Id.* As a result of the foregoing, the bankruptcy estate possessed no independent claim against Appellant and, therefore, nor does the bankruptcy estate's trustee. As such, the Bank, having derivative standing to act for the trustee of the bankruptcy estate, cannot use that derivative standing to bring a direct claim against Appellant.  As a result, the Bank has failed to identify any injury in fact giving rise to constitutional standing under Article III required to bring or maintain an action against Appellant.

As a result of the foregoing, any perceived or alleged injury to the Bank by Appellant's ownership of 50,000 shares of Coastal stock, does not arise out of, and is not "fairly traceable" to the bankruptcy. Throughout the course of the adversary proceeding, the Bank has sought to manipulate its derivative standing beyond determining the scope of Debtor's estate, and has instead worked to enlarge the value of bankruptcy estate property by divesting others of theirs.  For the foregoing reasons, the Bank lacks standing under Article III, and the order and judgment against Appellant should be reversed.

### B. The Bank Fails To Show The Money Appellant Paid To Coastal Was Insufficient Consideration For His Shares of Coastal Stock

The Bank's opposition fails to show Appellant's payment to Coastal was insufficient consideration for his shares under CAL. CORP. CODE § 409. Further, the Bank's arguments that Appellant never raised at trial that he paid money Coastal for his shares by wiring funds to Coastal's President Brower is simply false, because it ignores the evidence presented at trial establishing these facts. AOB Appx. 0300; 0358; 0409; 0418; 0497-0502. Moreover, even if Appellant now clarifies that an agency theory applies such that the conclusions of the Bankruptcy

11

Court were clear error in light of the facts and evidence presented, the Bank's assertion that Appellant has waived any right to do so fails. This Court has stated, "In reviewing an order or judgment of the bankruptcy court, the Court has the 'power to consider any issue presented by the record even if the issue was not presented to the bankruptcy court.'" *Poonja v. Chandrakant Shah (In re San Jose Airport Hotel, LLC)*, 2018 U.S. Dist. LEXIS 47771, at *6 (N.D. Cal. Mar. 22, 2018) citing *In re Pizza of Haw., Inc.*, 761 F.2d 1374, 1379 (9th Cir. 1985).

While the legal issue of the agency relationship between Coastal and its President Brower were not specifically raised at trial, the facts and evidence upon which this legal relationship rests *were* presented to the Bankruptcy Court. AOB Appx. 0300; 0358; 0409; 0418; 0497-0502. Further, the legal issue of the effect of Appellant's was clearly and specifically raised in Appellant's opening brief. The Bank's citation to *In re Starky*, 522 B.R. 220, 230 (9th Cir. BAP 2014) for the position that an issue not raised before the trial court is ordinarily not considered on appeal fails.  The Bank neglects to include that the court in *In re Starky* also stated, "We review only issues which are argued specifically and distinctly in a party's opening brief," (*Id*. quoting *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)), and it was because the debtor in *In re Starky* did neither, instead partially addressing the reasonableness of attorneys' fees for the first time at the hearing, and agreeing that some award was reasonable, that the court determined the debtor's argument was waived. *Starky v. Birdsell (In re Starky)*, 522 B.R. 220, 230 (B.A.P. 9th Cir. 2014). By contrast, Appellant here has argued that he paid valid consideration for his Coastal shares from the outset and supplied the necessary facts to establish this before the Bankruptcy Court, and argued in his opening brief that his delivery of funds to Coastal's President Brower was sufficient consideration to Coastal in exchange for Appellant's Coastal shares. AOB at 15-

12

18. As such, the facts upon which the *In re Starky* court found the debtor waived his argument on appeal do not apply here.

Next, the Bank's argument it would suffer prejudice due to an inability to present new, unspecified evidence to refute Appellant's argument is betrayed by the fact that the only parties to Appellant's stock purchase were Appellant and Coastal. The Bank offers no indication of what evidence it could possibly present. This is because there is none that supports any argument that Appellant failed to pay for his shares in full under the stock purchase agreement. The evidence in the record on its face, even where the Bankruptcy Court found Brower's testimony to lack credibility, establishes Appellant wired the full sum for his shares to Coastal under the stock purchase agreement by delivering those funds directly to Coastal's President Brower. AOB Appx. 0300; 0358; 0409; 0418. As a matter of law, Appellant's delivery of funds was valid consideration paid for his Coastal shares under CAL. CORP. CODE § 409. *See Pajaro Dunes Rental Agency v. Spitters* (*In re Pajaro Dunes Rental Agency*), 174 B.R. 557, 579 (Bankr. N.D. Cal. 1994) ("It is well established that if an agent has authority to receive or collect payment, giving money to that agent is equivalent to payment to the principal himself."). The Bank's prejudice argument is further unconvincing because the Bank fails to specify any form of prejudice it may or will actually suffer. For the foregoing reasons, the Bank has failed to establish any prejudice it would suffer should the Court hear Appellant's arguments concerning the consideration Appellant paid Coastal for his shares.

Here, the review is necessary to prevent a miscarriage of justice, because the Bank lacked standing to bring its adversary complaint against Appellant from the outset. Further, the evidence establishes Brower, as President of Coastal, had actual and apparent authority to act for and on behalf of Coastal, namely, to enter into transactions for and on behalf of Coastal. AOB Appx. 0119-0133; 0180-0195; 260;

13

0409. Appellant relied on that authority and, as a result, entered into the stock purchase agreement with Coastal. Appx. 0300; 0358; 0409; 0418. Appellant then made payment in full to Coastal by wiring funds directly to Coastal's President. *Id.* A grave miscarriage of justice would result should (a) the Bank be allowed to not only attack a transaction for which it has no standing to attack, and then (b) divest Appellant of property for which he paid hundreds of thousands of dollars, simply because Coastal's President, charged with fiduciary duties to Coastal's shareholders, took actions ***after*** Appellant consummated his transaction, which in one way or another violated Brower's fiduciary duties to the company.

Further, the issue of whether Appellant paid consideration for his Coastal shares is a question of law, for which the pertinent record has been developed by the documentary evidence in this case. AOB Appx. 0119-0133; 0180-0195; 260; 0300; 0358; 0409; 0418. Even if Brower's declaratory testimony is disregarded because Brower himself is found to lack credibility, Appellant's declaration filed in support of his motion for summary judgment supports the documentary evidence of the wire transfer made by Appellant to Brower, and the written stock purchase agreement. AOB Appx. 0142-0143. As such, the evidence in the record is sufficient to determine whether, as a matter of law, Appellant paid consideration for his shares in Coastal under CAL. CORP. CODE § 409(a)(1) ("Shares may be issued: For such consideration as…money paid").

The Bank fails to rebut at all Appellant's argument that Appellant's purchase of Coastal stock is sufficient if the money paid for Appellant's shares was delivered to an agent of Coastal. Instead, the Bank denies that Brower was acting for and on behalf of Coastal when he received Appellant's money based on actions Brower took ***after*** Appellant delivered the funds to Brower. Moreover, the Bank's argument disregards any of the authority on agency law that establishes whether a party acted with the authority of a principal.

14

Here, Appellant argued Brower acted with actual and apparent authority of
Coastal. AOB at 16. First, Brower, as Coastal's President, had actual, implied
authority to cause Coastal to enter into the stock purchase agreement with
Appellant. "The president of a corporation 'is the general manager and chief
executive officer of the corporation.'" *Bakst v. Cmty. Mem'l Health Sys.*, 2011 U.S.
Dist. LEXIS 163192, at *9 (C.D. Cal. Mar. 7, 2011) quoting CAL. CORP. CODE §
312.  "As general manager, the president 'is more than an agent and acts and
speaks directly for the corporation in conducting its activities and objects. . . . [I]t
is well established that the general manager has implied authority to bind the
corporation and do in the transaction of its ordinary affairs whatever the
corporation itself could do within the scope of its powers.'" *Bakst, supra,* quoting
*Monteleone v. Southern California Vending Corp.*, 264 Cal.App.2d 798, 806, 70
Cal. Rptr. 703 (1968). Over the course of years, Brower executed stock purchase
agreements with Coastal's shareholders as its President and conducted business for
and on behalf of Coastal as its President. AOB Appx. 0119-0133; 0180-0195; 260;
0300; 0358; 0409; 0418. As President of Coastal, Brower was authorized by
Coastal to issue stock on behalf of Coastal as evidenced by stock certificates co-
signed by Coastal's secretary and recorded in the company's register. AOB Appx.
0171-0174. As a result of the foregoing, Brower in his capacity as President of
Coastal had actual, implied authority to act for and on behalf of Coastal in
Appellant's purchase of stock from Coastal.

Second, apparent authority is "established by proof of something said or done
by the [alleged principal], on which [the plaintiff] reasonably relied." *Thomas v.
Taco Bell Corp.*, 582 F. App'x 678, 679 (9th Cir. 2014) quoting *NLRB v. Dist.
Council of Iron Workers of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997).
Here, Appellant relied on the stock purchase agreement furnished to him and
signed by Brower as President of Coastal to enter into the stock purchase with

15

Coastal. AOB Appx. 0142-0143. "[B]y ratifying an act, a principal is liable to the extent he would have been 'had the act been that of an agent acting with actual authority.'" *Sturm v. Davlyn Invs.*, Inc., 2013 U.S. Dist. LEXIS 188005, at *7 (C.D. Cal. Nov. 6, 2013) quoting Restatement (Third) of Agency §4. "Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *Henderson v. United Student Aid Funds, Inc*., 918 F.3d 1068, 1073 (9th Cir. 2019) quoting Restatement (Third) of Agency § 4.01. Coastal ratified the stock purchase by subsequently issuing stock certificates to Appellant, and recording the same in Coastal's register. AOB Appx. 0171-0174.  As such, Brower had apparent authority to act for and on behalf of Coastal in the transaction for Appellant's purchase of Coastal stock. Whether Brower later misappropriated funds paid by Appellant under the stock purchase agreement has no bearing on the validity of Appellant's transaction with Coastal or whether the consideration Appellant paid under that agreement was sufficient under CAL. CORP. CODE § 409.

Whether acting with actual, implied authority as Coastal's President, or with apparent authority for acts later ratified by Coastal, the evidence establishes that at all times during Appellant's transaction for the purchase of stock from Coastal, Brower acted as Coastal's agent with the authority to enter into the stock purchase agreement, receive payment from Appellant, and issue Coastal stock to Appellant. "It can hardly be questioned that when the principal appoints an agent and authorizes him to receive payment for and on behalf of the principal, that payment has been made to the principal as a matter of law, when made to the agent." *O. A. Graybeal Co. v. Cook,* 111 Cal. App. 518, 530 (Dist. Ct. App. 1931). The Bank provides no authority to refute that as Coastal's agent, Brower was authorized to receive payment from Appellant on behalf of Coastal. Nor has the Bank provided any authority establishing an agent's misuse of funds after receiving them with

authority from a principal render the underlying transaction void. For the foregoing reasons, Appellant's payment of money to Coastal's agent Brower in exchange for Coastal stock under the stock purchase agreement was sufficient, valid consideration for Appellant's shares under CAL. CORP. CODE § 409. Therefore, the judgment of the Bankruptcy Court must be reversed.

## C. Appellant Did Not Waive His Right To Challenge The Judgment Under Rule 52(a)

Appellant is not barred from challenging the sufficiency of the Bankruptcy Court's Order and Judgment under FED. R. CIV. P. 52(a) as clear error for the first time on appeal. Specifically, FRBP 7052 does not operate to bar Appellant's Rule 52(a) challenge. *See* FRBP 7052 ("Rule 52 F.R.Civ.P. applies in adversary proceedings, except that any motion under subdivision (b) of that rule for amended or additional filings shall be filed no later than 14 days after entry of judgment."). This Court has stated, "In reviewing an order or judgment of the bankruptcy court, the Court has the 'power to consider any issue presented by the record even if the issue was not presented to the bankruptcy court.'" *Poonja, supra.*

Further, the cases cited by the Bank on this issue are readily distinguishable and do not apply where the Bankruptcy Court states **no** findings of fact upon which a legal conclusion is reached and, ultimately, judgment rendered. *See Simeonoff v. Hiner*, 249 F.3d 883, 891 (9th Cir. 2001) (quoting FED. R. CIV. P. 52(a)) ("In bench trials, a court must "find the facts specially and state separately its conclusions of law thereon."). "The bankruptcy court's findings are sufficient for purposes of Civil Rule 52(a)(1) if they 'indicate the factual basis for its ultimate conclusions.'" *Sethi v. Wells Fargo Bank, N.A. (In re Sethi),* 2014 Bankr. LEXIS 2832, at *14 (B.A.P. 9th Cir. June 30, 2014) quoting *Simeonoff, supra*. This Court has stated, "However, '[i]f the bankruptcy court's factual findings are silent or

ambiguous as to a material factual question, the district court must remand the case to the bankruptcy court for the necessary factual determination; the district court may not make its own independent factual findings.'" *Poonja, supra,* at \*6-7 (N.D. Cal. Mar. 22, 2018) quoting *In re Hall, Bayoutree Assocs., Ltd.*, 939 F.2d 802, 804 (9th Cir. 1991).

Here, the material factual question is, on what basis did the Bankruptcy Court deem Appellant's 50,000 shares of Coastal stock property of the bankruptcy estate, if those shares were issued directly from Coastal to Appellant, and never owned by Debtor? *See In re Wardle*, 2006 WL6811026, at \*1 (B.A.P. 9th Cir. Jan. 3, 2006) ("the transferred funds were not property of the estate pursuant to § 541 because there is no evidence that the funds ever belonged to the debtors."). While the Bankruptcy Court's Order and Judgment discuss only the facts and conclusions upon which the Bankruptcy Court determined Appellant's stock purchase was void, the Bankruptcy Court's Order specifically stated, "Plaintiff bears the ultimate burden to establish that the 50,000 shares of Coastal that Nobles asserts he owns are property of Debtor's bankruptcy estate." Appx. 0497. However, no findings of fact or conclusions of law were identified in the Order establishing the basis for the judgment that Appellant's shares are property of the bankruptcy estate. *Id.* Rather, the analysis of Appellant's shares and what would become of them stopped at the Bankruptcy Court's finding the shares were void for lack of consideration under CAL. CORP. CODE § 409. Appx. 0499; 0502.For the reasons stated herein, if this Court determines both that (1) the Bank had Article III standing as to its claim against Apellant, and (2) Appellant's shares were void for lack of consideration under CAL. CORP. CODE § 409, the case should be remanded back to the Bankruptcy Court for the necessary factual determinations on which it based its conclusion that the shares should be deemed property of Debtor's bankruptcy estate under 11 U.S.C. § 511.

18

Appellant argued that declaring his 50,000 shares of Coastal stock part of Debtor's bankruptcy estate under 11 U.S.C. § 511 was clear error—that even if Appellant's stock purchase was deemed void, no findings of fact or conclusions of law were made to then cause those shares to be deemed part of Debtor's bankruptcy estate rather than revert back to Coastal's treasury, from which those shares were issued directly to Appellant. AOB 18-19. Because no such findings of fact or conclusions of law were made on which the Bankruptcy Court made its ultimate determination, the judgment is insufficient under FED. R. CIV. P. 52(a) and should be remanded to the Bankruptcy Court for further proceedings. *See Simeonhoff* at 891 ("One purpose behind Rule 52(a) is to aid the appellate court's understanding of the basis of the trial court's decision…Rather, we remand for further findings under Rule 52(a) when we cannot adequately resolve objections raised regarding validity of an award because the award is insufficiently detailed.").

Moreover, FRBP 7052 applies to motions brought under FED. R. CIV. P. 52(b). No such motion has been brought under subsection (b). As such, the fourteen (14) day period prescribed to Rule 52(b) motions does not apply here. Nor has the Bank cited any authority establishing such a motion is first required before appealing a judgment to the District Court. That is because no such requirement exists. Therefore, the Bank has failed to establish Appellant waived the right to challenge the Bankruptcy Court's conclusion that the shares at issue are deemed property of the bankruptcy estate under Rule 52(a).

Neither of the cases cited by the Bank support its position, and the Bank has provided no authority establishing Appellant is barred from challenging the sufficiency of the judgment under Rule 52(a) as unsupported by any factual findings or legal conclusions. As stated in Appellant's Opening Brief, the analysis of Appellant's 50,000 shares stopped after the Bankruptcy Court deemed

19

Appellant's stock purchase to be void. AOB at 20. Even if void, the Bankruptcy Court made no findings of fact or conclusions of law as to how, then, those shares did not simply revert back to Coastal's treasury, but were instead deemed property of Debtor's bankruptcy estate. If the transaction was void, the issuance of those shares would never have occurred—they would have simply remained authorized but unissued stock.

The Bank's citation to *Phoenix Eng'g* is inapposite. ECF Dkt. 19 at 23. In that case, the defendant's counsel raised for the first time at oral argument, that the Superior Court's factual findings were unclear and ambiguous (*Phx. Eng'g & Supply v. Universal Elec. Co.*, 104 F.3d 1137, 1140 (9th Cir. 1997)). By contrast, Appellant argued in his Opening Brief that the Bankruptcy Court's judgment declaring Appellant's 50,000 shares of stock property of the bankruptcy estate under 11 U.S.C. 541 was unsupported by any factual findings or conclusions of law. AOB at 20. Unlike the issue raised in *Phoenix Eng'g*, it is not the clarity of the Bankruptcy Court's factual findings at issue here, but that the Bankruptcy Court's award of Appellant's shares to the Bank as a part of the bankruptcy estate was not based on factual findings or conclusions of law sufficient to support such an award. As such, *Phoenix Eng'g* fails to support the Bank's position that Appellant waived the right to raise on appeal that the Bankruptcy Court's memorandum of judgment failed to satisfy Rule 52(a).

Next, the Bank's citation to *Reliance Finance Corp.* also fails to establish Appellant waived the right to raise this issue on appeal. The quotation the Bank attributes to *Reliance Finance Corp.* actually comes from *Sonken-Glamba Corp. v. Atchison, T. & S.F. Ry.*, 34 F. Supp. 15, 16 (W.D.Mo. 1940). *Sonken-Galamba Corp.* concerned the plaintiff's motion to amend the judgment and make additional findings and conclusions of law, and when asked directly by the Court for its proposed findings, the plaintiff responded it hadn't prepared any. Subsequently, the

defendant submitted requested findings and conclusions, but the plaintiff failed to submit any. *Sonken-Galamba Corp.,* 34 F. Supp. 15, 16 (W.D. Mo. 1940). It was within this specific context that the Court found the plaintiff to be ill situated to challenge findings when it offered none after specifically being told by the Court, "If you wish to [request findings], I will be glad to consider them." *Id.* at 15-16. Here, however, Appellant does not make such a motion under Rule 52(b). As a result, the Bank's cited authority fails to establish Appellant waived the right to raise a Rule 52(a) challenge under BRAP 7052. The Bank provides no authority or argument sufficient to conclude Appellant has made such a waiver.

For the foregoing reasons, Appellant never waived his right under Rule 52(a) to challenge the sufficiency of factual findings and conclusions of law upon which the Bankruptcy Court ultimately adjudged Appellant's 50,000 shares of Coastal stock to be the property of the bankruptcy estate, even if Appellant's stock purchase was void. As such, should the Court find (1) the Bank has Article III standing, and (2) Appellant's stock purchase was void under CAL. CORP. CODE § 409, the case should be remanded to the Bankruptcy Court for findings of fact and conclusions of law upon which it ultimately determined the 50,000 Coastal shares to be within the scope of the bankruptcy estate under 11 U.S.C. § 541.

## III.   CONCLUSION

For the foregoing reasons, Appellant respectfully requests this Court reverse the judgment and order of the Bankruptcy Court and issue an order that the Bank lacks standing to bring its complaint against Appellant. In the alternative, should the Court find the Bank has standing under Article III, Appellant respectfully requests the Court reverse the order and judgment of the Bankruptcy Court and issue an order that Appellant's purchase of 50,000 shares of Coastal stock is not void for lack of consideration under CAL. CORP. CODE § 409.

Dated: November 5, 2021        By:    _/s/ John van Loben Sels_
                                      John van Loben Sels
                                      *Attorney for Appellant*,
                                      Anthony Nobles

## **CERTIFICATE OF COMPLIANCE**

I, John van Loben Sels, certify that, pursuant to Federal Rule of Bankruptcy Procedure 8015(h), appellant Anthony Nobles' Opening Brief is prepared in Times New Roman font, 14-point, and contains 6,946 words, exclusive of the cover page, tables, signature block, this certificate, and the proof of service (i.e., the portions exempted by FRBP 8015(g)).  In making this certification, I am relying on the word count feature of computer program used to prepare the brief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: November 5, 2021            By:    */s/ John van Loben Sels*
                                          John van Loben Sels
                                          *Attorney for Appellant*,
                                          Anthony Nobles

# **CERTIFICATE OF SERVICE**

I am over 18 years of age.  I am not a party to the within action.  My business address is 2603 Main Street, Suite 1000, Irvine, California 92614. On November 5, 2021, I caused **APPELLANT'S OPENING BRIEF**, to be served on the interested parties in this action as follows:

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

| | |
|---|---|
| Isaiah Z. Weedn<br>Michael M. Lauter<br>Stephen B. Sacks<br>SHEPPARD, MULLIN, RICHTER<br>& HAMPTON LLP<br>Four Embarcadero Center, 17th Floor<br>San Francisco, CA 94111<br>iweedn@sheppardmullin.com<br>mlauter@sheppardmullin.com<br>ssacks@sheppardmullin.com<br>*Attorneys for Appellee MUFG Union*<br>*Bank* | Stephan A. Barber<br>JRG ATTORNEYS AT LAW<br>318 Cayuga Street<br>Salinas, CA 93901<br>steve@jrgattorneys.com<br>*Attorneys for Defendant Robert*<br>*Brower, Sr.; Coastal Cypress*<br>*Corporation (California and*<br>*Delaware); Wilfred "Butch" Lindley;*<br>*Patricia Brower; Patricia Brower*<br>*Trust; American Commercial*<br>*Properties, Inc.* |

**VIA U.S. MAIL:**
Judge M. Elaine Hammond
U.S. Courthouse, Room 3035
280 S. First St.
San Jose, CA 95112

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 5, 2021, in Irvine, California.

_____
Rita Marfatia

24